Joshua Prince, Esq.
Attorney Id. No. 306521
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@CivilRightsDefenseFirm.com
(888) 202-9297 ext 81114
(610) 400-8439 (f)

Adam Kraut, Esq.
Attorney Id. No. 318482
Second Amendment Foundation
12500 N.E. Tenth Place
Bellevue, WA  98005
Akraut@SAF.org
(425) 454-7012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN,** | : | |
| | : | |
| **SHAWN PALMER,** | : | |
| | : | |
| **MAX NESS, and,** | : | |
| | : | Civil No._____ |
| **SECOND AMENDMENT** | : | |
| **FOUNDATION,** | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COL. CHRISTOPHER PARIS,** | : | Civil Rights Complaint |
| Commissioner of Pennsylvania | : | 42 U.S.C. § 1983 |
| State Police | : | |
| Defendant | : | |

## COMPLAINT

COME NOW Plaintiffs Taylor Brown, Shawn Palmer, Max Ness, and Second Amendment Foundation, on behalf of themselves and those similarly situated, by and through their attorneys, Joshua Prince of Civil Rights Defense Firm, P.C., and Adam Kraut of Second Amendment Foundation, and complain of Defendant Christopher Paris as follows:

## INTRODUCTION

1. This is an action to uphold Plaintiffs', and those who are similarly situated, right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution.  This right "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home."  *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Id*. at 584.

3. In *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791 (2010), the Supreme Court confirmed that the rights protected by the Second

2

Amendment are "among those fundamental rights necessary to our system of ordered liberty," and held that the Second Amendment is incorporated as applicable to the states through the Fourteenth Amendment. The "right to keep and bear arms is a privilege of American citizenship that applies to the States through the Fourteenth Amendment's Privileges or Immunities Clause." *Id*. at 806 (Thomas, J., concurring).

4.  "The very enumeration of the right [to keep and bear arms] takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon." *Heller*, 554 U.S. at 634. "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad." *Id*. at 634-35.

5.  The "central" – but not the only – holding of the Supreme Court in *Heller* was "that the Second Amendment protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald*, 561 U.S. at 780. The Second Amendment also "guarantee[s] the individual right to possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

6. This is particularly true when it comes to handguns, as the *Heller* Court has explicitly recognized the handgun as "the quintessential self-defense weapon" in the United States, and that a complete prohibition on their carry and use is necessarily invalid. *Id*. at 629.

7. And there can be no dispute, as held by the Third Circuit, the words "the People" in the Second Amendment "encompasses all adult Americans, including 18-to-20-year-olds," which includes the individual Plaintiffs and Second Amendment Foundation's similarly situated members. *Lara v. Comm'r Pennsylvania State Police*, 91 F.4th 122, 127 (3d Cir. 2024).

8. Yet, Defendant has prohibited, absent a license to carry firearms ["LTCF"], a particular class of persons, including the individual Plaintiffs and Second Amendment Foundation's similarly situated members, from carrying a firearm in their pockets for the purpose of being armed and ready for offensive or defensive action in case of conflict with another person, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

9. Specifically, even though the U.S. Supreme Court in *Heller* declared that to "bear arms" includes the "carry [of a firearm] ... in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person," the individual Plaintiffs and Second

Amendment Foundation's similarly situated members are required, pursuant to 18 Pa.C.S. § 6109, to obtain a LTCF to be able to carry a firearm in their pockets for purposes of being armed and ready for offensive or defensive action in case of conflict with another person.

10. Defendant has likewise prohibited a particular class of persons, including the individual Plaintiffs and Second Amendment Foundation's similarly situated members, from transporting firearms, unless going directly to and directly back from very limited locations, as specified in 18 Pa.C.S. § 6106, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

11. Although Section 6106(a) provides an exception, where an individual has obtained a LTCF pursuant to 18 Pa.C.S. § 6109, Defendant has likewise prohibited a particular class of persons, including Plaintiffs Brown, Palmer, and Ness, along with Second Amendment Foundation's similarly situated members, from obtaining a LTCF, in direct violation of the Second and Fourteenth Amendments to the United States Constitution.

12. Furthermore, Defendant has likewise prohibited a particular class of persons, including the individual Plaintiffs and Second Amendment Foundation's similarly situated members, from carrying firearms, whether openly or concealed, on public streets or public property in Philadelphia, as specified

in 18 Pa.C.S. § 6108, in direct violation of the Second and Fourteenth

Amendments to the United States Constitution.

13. Although Section 6108(1) provides an exception, where an individual has

obtained a LTCF pursuant to 18 Pa.C.S. § 6109, Defendant has likewise

prohibited a particular class of persons, including Plaintiffs Brown, Palmer,

and Ness, along with Second Amendment Foundation's similarly situated

members, from obtaining a LTCF, in direct violation of the Second and

Fourteenth Amendments to the United States Constitution.

14. Throughout American history, arms carrying was a right available to all

peaceable citizens. Sometimes, it was even a duty. *See e.g.*, David B. Kopel

& Joseph G.S. Greenlee, *The Second Amendment Rights of Young Adults*, 43

S. Ill. U. L.J. 495, 573–577, 587 (2019) (listing statutes requiring arms

carrying by members of the general public to travel, work in the fields, work

on roads and bridges, attend church, and attend court).

15. Moreover, young adults between 18 and 21 were fully protected by the

Second Amendment at the time of its ratification. In fact, hundreds of

statutes from the colonial and founding eras required 18-to-20-year-olds to

keep and bear arms. *See generally id.*

16. Only dangerous persons have historically been deprived of the right to bear

arms. Peaceable persons have always been free to carry arms for self-

defense and other lawful purposes. The tradition of disarming violent and dangerous persons was practiced from medieval England through mid-20th century America, but there is no tradition of disarming nonviolent people like Plaintiffs Brown, Palmer, and Ness or Second Amendment Foundation's similarly situated members. *See generally* Joseph G.S. Greenlee, *The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms*, 20 WYO. L. REV. 249 (2020).

17. Specifically, even though the U.S. Supreme Court in *Heller* declared that to "bear arms" includes the "carry [of a firearm] ... in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person," Plaintiffs Brown, Palmer, and Ness, as well as Second Amendment Foundation's similarly situated members, are precluded, pursuant to Section 6109(b), from obtaining a LTCF – which is required by the Defendant so that they may carry a firearm in their pocket – as although they are all over the age of eighteen, they are under the age of twenty-one.

18. Furthermore, a violation of Section 6106(a), in this context, would constitute a felony of the third degree, which can be punished by up to 7 years in jail and for which a conviction would prohibit the Plaintiffs, and those similarly

situated, from being able to purchase, possess, and utilize firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

19. A violation of Section 6108, pursuant to 18 Pa.C.S. § 6119, is a misdemeanor of the first degree, which can be punished by up to 5 years in jail and for which a conviction would prohibit the Plaintiffs, and those similarly situated, from being able to purchase, possess, and utilize firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

20. The current restrictions found in Sections 6106, 6108, and 6109 infringe upon the individual's right to keep and bear arms, as they arbitrarily deny entire classes of persons in direct defiance of *Heller* and *Lara*.

## **PARTIES**

21. Plaintiff Taylor Brown, ["Ms. Brown"] is a natural person, over the age of eighteen but under the age of twenty-one, a citizen of Port Royal, Pennsylvania and the United States, and a member of Second Amendment Foundation. Ms. Brown has never been charged with nor convicted of any misdemeanor or felony offense. [1] It is Ms. Brown's present intention and desire to procure a LTCF and to be able to carry a firearm and/or lawfully transport firearms, including for purposes of self-defense, without violating

---

[1] *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit A.

the law. As a result of Defendant's active enforcement of Section 6109(b), she is precluded from obtaining a LTCF and therefore is subject to the carry and transportation restrictions specified in Section 6106 and the preclusion on carrying firearms, whether openly or concealed, on the public streets or public property in Philadelphia in Section 6108, both of which Defendant is also actively enforcing; thereby, *inter alia*, precluding her from carrying a firearm for purposes of self-defense.

22. Plaintiff Shawn Palmer, ["Mr. Palmer"] is a natural person, over the age of eighteen but under the age of twenty-one, a citizen of Carlisle, Pennsylvania and the United States, and a member of Second Amendment Foundation. Mr. Palmer has never been charged with nor convicted of any misdemeanor or felony offense.[2] It is Mr. Palmer's present intention and desire to procure a LTCF and to be able to carry a firearm and/or lawfully transport firearms, including for purposes of self-defense, without violating the law. As a result of Defendant's active enforcement of Section 6109(b), he is precluded from obtaining a LTCF and therefore is subject to the carry and transportation restrictions specified in Section 6106 and the preclusion on carrying firearms, whether openly or concealed, on the public streets or public

---

[2] *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit B.

property in Philadelphia in Section 6108, both of which Defendant is also actively enforcing; thereby, *inter alia*, precluding him from carrying a firearm for purposes of self-defense.

23. Plaintiff Max Ness, ["Mr. Ness"] is a natural person, over the age of eighteen but under the age of twenty-one, a citizen of York, Pennsylvania and the United States, and a member of Second Amendment Foundation. Mr. Ness has never been charged with nor convicted of any misdemeanor or felony offense. [3] It is Mr. Ness' present intention and desire to procure a LTCF and to be able to lawfully carry a firearm and/or lawfully transport firearms, including for purposes of self-defense, without violating the law. As a result of Defendant's active enforcement of Section 6109(b), he is precluded from obtaining a LTCF and therefore is subject to the carry and transportation restrictions specified in Section 6106 and the preclusion on carrying firearms, whether openly or concealed, on the public streets or public property in Philadelphia in Section 6108, both of which Defendant is also actively enforcing; thereby, *inter alia*, precluding him from carrying a firearm for purposes of self-defense.

---

[3] *See*, Pennsylvania State Police background check, attached hereto and incorporated herein as Exhibit C.

24. Plaintiff Second Amendment Foundation ["SAF"] is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to keep and bear arms and the consequences of gun control. SAF has over 720,000 members and supporters nationwide, including thousands of members in Pennsylvania, including Plaintiffs Brown, Palmer, and Ness. SAF has members and supporters who are residents of the Commonwealth of Pennsylvania, between the ages of 18 and 20, who would lawfully carry and lawfully transport firearms for the protection of themselves, loved ones, and others, but for Defendant's enforcement of the challenged laws. SAF brings this action on behalf of its members, including the named Plaintiffs herein, who are between 18 and 20 years of age and would lawfully carry and lawfully transport, whether openly or concealed, a firearm for protection of themselves, their loved ones, and others, but for Defendants' enforcement of the challenged laws including criminal penalties and loss of liberty and property. As such, SAF's members have been adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein. As a result, SAF has expended and diverted

resources – from education, research, marketing, and publishing – to protect its members because of the Defendant's enforcement and resultant policies, practices, and customs challenged herein.

25. Defendant Colonel Christopher Paris ["Col. Paris", "Commissioner", or "Defendant"] is the head and Commissioner of the Pennsylvania State Police ["PSP"], and sued in that official capacity. As Commissioner of the PSP, Col. Paris, in addition to being responsible for assisting the Pennsylvania Governor in enforcing the laws of the Commonwealth of Pennsylvania, is responsible for the implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the PSP and the Commonwealth, *inter alia*, in relation to the Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, the Pennsylvania Instant Check System, and, as discussed *infra*, the PSP's system, which precludes sheriffs of this Commonwealth from, *inter alia*, issuing LTCFs to individuals between 18 and 20 years old. As Commissioner of the PSP, Col. Paris is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.

## JURISDICTION AND VENUE

26. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, which

confer original jurisdiction on federal district courts to hear suits alleging the

violation of rights and privileges under the United States Constitution.

27. This action for violation of Plaintiffs' constitutional rights is brought under

42 U.S.C. § 1983 and seeks declaratory and injunctive relief pursuant to 28

U.S.C. §§ 2201 and 2202, as well as attorneys' fees pursuant to 42 U.S.C. §

1988.

28. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a

substantial part of the events and omissions giving rise to Plaintiffs' claims

occurred in the Middle District of Pennsylvania.

## **18 Pa.C.S. § 6109**

29. Section 6109(b) provides:

**Place of application.--**An individual who is 21 years of age or older
may apply to a sheriff for a license to carry a firearm concealed on or
about his person or in a vehicle within this Commonwealth. If the
applicant is a resident of this Commonwealth, he shall make
application with the sheriff of the county in which he resides or, if a
resident of a city of the first class, with the chief of police of that city.

30. However, Section 6109(e) does not specify that a license shall not be issued

to someone who is under the age of 21. *See*, Section 6109(e)(1)(i—xiv).

## **STATEMENT OF FACTS RELATING TO THE**
## **PROCESSING OF LICENSE TO CARRY FIREARM APPLICATIONS**

31. Although 18 Pa.C.S. § 6109 purports to provide sole-discretion to county

sheriffs as to whether to issue a LTCF, [4] the Defendant, through his PSP, requires sheriffs to utilize his LTCF licensing portal and which precludes sheriffs from issuing a LTCF to an applicant who has been denied or otherwise disapproved of by the PSP, including those applicants who are between 18 and 20 years of age.

32. Specifically, upon a sheriff attempting to process an application of an individual between 18 and 20 years of age, whenever he or one of his deputies attempt to either swipe the applicant's driver's license or state issued identification card or manually insert the applicant's information into the PSP's LTCF processing portal (hereinafter "PSP's system"), the PSP's system precludes him from being able to submit the information for processing, approval, and issuance of the LTCF.

33. Instead of allowing a sheriff or his deputies to submit the information for processing, approval, and issuance, the PSP's system outlines the date of birth section in red and pops up a box declaring "Validation Failed", indicating that because the individual is under 21 years of age, the sheriff cannot approve the applicant and issue the LTCF.

---

[4] *See*, *PSP v. McPherson*, 831 A.2d 800, 801-05 (Pa. Cmwlth. Ct. 2003)(discussing the respective roles of county sheriffs and the State Police and stating "[t]he decision to issue a license is solely for the sheriff")

34. In the absence of being able to process the applicant through the PSP's system and obtaining an approval from the PSP, no sheriff throughout this Commonwealth has an ability to issue an LTCF to an applicant, as the ability to issue the LTCF is through the PSP's system.

35. Thus, the PSP, through its system, is actively precluding sheriffs throughout this Commonwealth from approving applicants between the ages of 18 and 20 and issuing LTCFs to them.

## STATEMENT OF FACTS RELATING TO PLAINTIFF TAYLOR BROWN

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. Ms. Brown:

   a. Is a United States citizen;

   b. Is over the age of 18 but under the age of 21;

   c. Is not under indictment;

   d. Has never been convicted of a felony or misdemeanor crime of domestic violence;

   e. Has never been convicted of a crime punishable by more than one (1) year;

   f. Is not a fugitive from justice;

   g. Is not an unlawful user of, or addicted to, any controlled substance;

h.  Has not been adjudicated a mental defective or been committed to a

mental institution;

i.  Has not been discharged from the Armed Forces under dishonorable

conditions;

j.  Has never renounced her citizenship; and,

k.  Is not the subject of a restraining order relating to an intimate partner.

38.  Ms. Brown owns a handgun.

39.  It is Ms. Browns' present intention and desire to procure a LTCF and to be

able to lawfully carry and lawfully transport loaded and unloaded, operable

firearms, including a handgun, concealed on her person and in motor

vehicles, in public for all lawful purposes including self-defense of herself

and her family.

40.  Ms. Brown also desires to be able to lawfully transport all of her firearms

within the Commonwealth, without restriction, including, but not limited to,

being able to:

a.  With an unloaded firearm, stop for a bathroom breaks, food, coffee, or to

pick up or drop off a friend, when going to or from:

i.    A range;

ii.   Target shooting;

iii.  A place of purchase to her home or place of business;

iv. A place of repair, sale or appraisal; and

v. A place of abode or business to another.

b. With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where she may otherwise lawfully possess and carry a firearm, including, but not limited to:

 i. Friends' houses;

 ii. Businesses; and,

 iii. From a successful hunt to a business that processes/butchers the successfully taken game.

c. Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth, a loaded, operable firearm on her person for self-defense, defense of her family and others, and in case of confrontation in public requiring defensive action, including carrying and transporting that loaded and operable firearm to places including, but not limited to:

 i. Grocery stores, including ones that she frequents, such as the Weis Market in Mifflintown, PA, which is approximately 10 miles from her home;

ii.   Local gas stations, including ones that she frequents, such as the
Rutters in Mifflintown, PA, which is approximately 9 miles from
her home;

iii.   Stores and malls, including ones that she frequents, such as the
Harrisburg Mall in Harrisburg, PA, which is approximately 56
miles from her home;

iv.   Restaurants, including ones that she frequents, such as Guante
Family Restaurant in Mifflintown, PA, which is approximately 11
miles from her home, as well as, McDonalds in Mifflintown, PA,
and Tokyo Japanese Restaurant in Burnham, PA, which are
approximately 12 miles and 26 miles, respectively, from her home;

v.   Friends' and family members' houses; and,

vi.   Locations where she hunts, such as friends' properties in Port
Royal, PA, which are varying distances from her home, but
historically less than a mile.

41.  Due to the location of her home in relation to all the aforementioned
locations, she is unable to lawfully carry or lawfully transport a firearm on
her person, whether concealed or openly, while walking or otherwise
traversing on foot the distances between her home and those locations,
especially in the event (1) of any purchases at those locations and the need to

additionally carry those purchases back to her home or (2) a successful hunt
and the need for her to carry such to a business that processes/butchers the
successfully taken game.

42. However, as a result of Defendant's active enforcement of Section 6109(b),
Defendant is precluding Ms. Brown from obtaining a LTCF and therefore
subjecting Ms. Brown to the carry and transportation restrictions specified in
Sections 6106, 6108, for which Defendant is also actively enforcing, and
which criminalizes Ms. Browns' desired conduct to lawfully carry and
lawfully transport firearms to and from the aforementioned locations and
activities, as well as, for purposes of self-defense.

43. As a result of Defendant's current enforcement of Section 6106, if Ms.
Brown attempts any of the conduct specified in ¶ 40, *supra*, she will be
subjected to felony of the third-degree criminal charges, pursuant to Section
6106(a)(1).

44. Thus, although Ms. Brown can vote, serve on a jury, hold public office,
marry and have children, sign legally binding contracts, join or be drafted
into the armed forces or called upon for federal and state militia service and
even be held fully accountable before the law for criminal matters to the
point of being executed (*see*, 18 U.S.C. § 3591), Defendant contends she
should be barred, by operation of 18 Pa.C.S. § 6109(b) and the PSP's

system, from obtaining a LTCF and is therefore subjected to Sections 6106, 6108, which restrict her right, in total, to lawfully carry and lawfully transport firearms, including for the purposes of self-defense, throughout this Commonwealth.

45. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq.*, 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, Defendant contends that even the most law-abiding 18-to-20-year-olds are categorically too immature and irresponsible to lawfully carry and lawfully transport firearms, even though, they would, overnight, become mature and responsible enough if they were to join the military.

46. Ms. Brown is a responsible, peaceable, law-abiding citizen with no history of violent behavior or other conduct that would suggest she poses any threat or danger.

47. Ms. Brown desires to obtain a LTCF, so that she would be exempt from the restrictions imposed by Sections 6106, 6108 and able to lawfully carry and lawfully transport a loaded firearm for her and her families' self-defense and protection; however, Section 6109(b) prohibits her from applying and the PSP's system precludes the Juniata County Sheriff from issuing her a LTCF.

48. Ms. Brown has abstained from the conduct specified in ¶¶ 40, 47, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6108, 6109 instigated and directed by Defendant, should she attempt the conduct specified in ¶¶ 40, 47, *supra*.

49. Ms. Brown is unwilling to attempt the conduct specified in ¶¶ 40, 47, *supra*, because doing so would subject her to arrest, prosecution, fine and incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6108, 6109.

## STATEMENT OF FACTS RELATING TO
## PLAINTIFF SHAWN PALMER

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. Mr. Palmer:

   a.  Is a United States citizen;

   b.  Is over the age of 18 but under the age of 21;

   c.  Is not under indictment;

   d.  Has never been convicted of a felony or misdemeanor crime of domestic violence;

   e.  Has never been convicted of a crime punishable by more than one (1) year;

   f.  Is not a fugitive from justice;

g.  Is not an unlawful user of, or addicted to, any controlled substance;

h.  Has not been adjudicated a mental defective or been committed to a

mental institution;

i.  Has not been discharged from the Armed Forces under dishonorable

conditions;

j.  Has never renounced his citizenship; and,

k.  Is not the subject of a restraining order relating to an intimate partner.

52.  Mr. Palmer owns multiple shotguns, rifles, and a handgun.

53.  It is Mr. Palmer's present intention and desire to procure a LTCF and to be

able to lawfully carry and lawfully transport loaded and unloaded, operable

firearms, including a handgun, concealed on his person and in motor

vehicles, in public for all lawful purposes including self-defense of himself

and his family.

54.  Mr. Palmer also desires to be able to lawfully carry and lawfully transport all

of his firearms within the Commonwealth, without restriction, including, but

not limited to, being able to:

a.  With an unloaded firearm, stop for a bathroom breaks, food, coffee, or to

pick up or drop off a friend, when going to or from:

i.  A range;

ii.  Target shooting;

    iii.    A place of purchase to his home or place of business;

    iv.    A place of repair, sale or appraisal;

    v.    A place of abode or business to another; and,

    vi.    A place where I desire to hunt.

b.  With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where he may otherwise lawfully possess and carry a firearm, including, but not limited to:

    i.    Friends' houses;

    ii.    Businesses; and,

    iii.    From a successful hunt to a business that processes/butchers the successfully taken game.

c.  Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth, including Philadelphia, a loaded, operable firearm on his person for self-defense, defense of his family and others, and in case of confrontation in public requiring defensive action, including carrying and transporting that loaded and operable firearm to places including, but not limited to:

    i.    Local gas stations, including ones that he frequents, such as the Speedway in Carlisle, PA, which is approximately 12 miles from his home;

ii.   Stores and malls, including ones that he frequents, such as the
      Capital City Mall in Camp Hill, PA, which is approximately 12
      miles from his home;

iii.  Restaurants, including ones that he frequents, such as 1794 The
      Whiskey Rebellion in Carlisle, PA, which is approximately 13
      miles from his home, as well as, Pat's King of Steaks in
      Philadelphia, PA, which is approximately 121 miles from his
      home;

iv.   To the Philadelphia Zoo in Philadelphia, PA, which is
      approximately 117 miles from his home;

v.    Friends' and family members' houses, including ones that he
      frequent, such as his grandparents' cabin in Blaine, PA, which is
      approximately 33 miles from his home;

vi.   His place of employment, 717 Armory in Harrisburg, PA, which is
      approximately 20 miles from his home;

vii.  Locations where he target shoots, such as the PA Game
      Commission Shooting Range on State Game Lands 230 in Carlisle,
      PA; and,

viii. Locations where he hunts, such as in Williamsport, PA, which is
      approximately 145 miles from his home.

55. Due to the location of his home in relation to all the aforementioned locations, he is unable to lawfully carry or lawfully transport a firearm on his person, whether concealed or openly, while walking or otherwise traversing on foot the distances between his home and those locations, especially in the event (1) of any purchases at those locations and the need to additionally carry those purchases back to his home or (2) a successful hunt and the need for him to carry such to a business that processes/butchers the successfully taken game.

56. However, as a result of Defendant's active enforcement of Section 6109(b), Defendant is precluding Mr. Palmer from obtaining a LTCF and therefore subjecting Mr. Palmer to the carry and transportation restrictions specified in Sections 6106, 6108, for which Defendant is also actively enforcing, and which criminalizes Mr. Palmer's desired conduct to lawfully carry and lawfully transport firearms to and from the aforementioned locations and activities, as well as, for purposes of self-defense.

57. As a result of Defendant's current enforcement of Sections 6106, 6108 if Mr. Palmer attempts any of the conduct specified in ¶ 54, *supra*, he will be subjected to felony of the third degree criminal charges, pursuant to Section 6106(a)(1), and, in relation to locations in Philadelphia, additionally

subjected to misdemeanor of the first degree criminal charges, pursuant to Sections 6108.

58. Thus, although Mr. Palmer can vote, serve on a jury, hold public office, marry and have children, sign legally binding contracts, join or be drafted into the armed forces or called upon for federal and state militia service and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591), Defendant contends he should be barred, by operation of 18 Pa.C.S. § 6109(b) and the PSP's system, from obtaining a LTCF and is therefore subjected to Sections 6106, 6108, which restrict his right, in total, to lawfully carry and lawfully transport firearms, including for the purposes of self-defense, throughout this Commonwealth.

59. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, Defendant contends that even the most law-abiding 18-to-20-year-olds are categorically too immature and irresponsible to carry and transport firearms, even though, they would, overnight, become mature and responsible enough if they were to join the military.

60. Mr. Palmer is a responsible, peaceable, law-abiding citizen with no history of violent behavior or other conduct that would suggest he poses any threat or danger.

61. Mr. Palmer desires to obtain a LTCF, so that he would be exempt from the restrictions imposed by Sections 6106, 6108 and able to lawfully carry and lawfully transport a loaded firearm for his and his families self-defense and protection; however, Section 6109(b) prohibits him from applying and the PSP's system precludes the Cumberland County Sheriff from issuing him a LTCF.

62. Mr. Palmer has abstained from the conduct specified in ¶¶ 54, 61, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6108, 6109 instigated and directed by Defendant, should he attempt the conduct specified in ¶¶ 54, 61, *supra*.

63. Mr. Palmer is unwilling to attempt the conduct specified in ¶¶ 54, 61, *supra*, because doing so would subject him to arrest, prosecution, fine and incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6108, 6109.

## <u>STATEMENT OF FACTS RELATING TO<br>PLAINTIFF MAX NESS</u>

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. Mr. Ness:

    a. Is a United States citizen;

    b. Is over the age of 18 but under the age of 21;

    c. Is not under indictment;

    d. Has never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Has never been convicted of a crime punishable by more than one (1) year;

    f. Is not a fugitive from justice;

    g. Is not an unlawful user of, or addicted to, any controlled substance;

    h. Has not been adjudicated a mental defective or been committed to a mental institution;

    i. Has not been discharged from the Armed Forces under dishonorable conditions;

    j. Has never renounced his citizenship; and,

    k. Is not the subject of a restraining order relating to an intimate partner.

66. Mr. Ness owns a handgun.

67. It is Mr. Ness' present intention and desire to procure a LTCF and to be able to lawfully carry and lawfully transport loaded and unloaded, operable firearms, including a handgun, concealed on his person and in motor

vehicles, in public for all lawful purposes including self-defense of himself and his family.

68. Mr. Ness also desires to be able to lawfully carry and lawfully transport all of his firearms within the Commonwealth, without restriction, including, but not limited to, being able to:

   a. With an unloaded firearm, stop for a bathroom breaks, food, coffee, or to pick up or drop off a friend, when going to or from:

      i. A range;

      ii. Target shooting;

      iii. A place of purchase to his home or place of business;

      iv. A place of repair, sale or appraisal; and

      v. A place of abode or business to another.

   b. With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where he may otherwise lawfully possess and carry a firearm, including, but not limited to:

      i. Friends' houses; and

      ii. Businesses.

   c. Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth, a loaded, operable firearm on his person for self-defense, defense of his family and others,

and in case of confrontation in public requiring defensive action,

including carrying and transporting that loaded and operable firearm to

places including, but not limited to:

   i.   Local gas stations, to put gas in his vehicle;

   ii.  Stores and malls, including ones that he frequents, such as the

        York Galleria Mall in York, PA, which is approximately 8 miles

        from his home, and Park City Mall in Lancaster, PA, which is

        approximately 16 miles from his home;

   iii. Restaurants, including ones that he frequents, such as Outback

        Steakhouse in York, PA, which is approximately 14 miles from his

        home; and,

   iv.  Friends' and family members' houses.

69. Due to the location of his home in relation to all the aforementioned

    locations, he is unable to lawfully carry or lawfully transport a firearm on his

    person, whether concealed or openly, while walking or otherwise traversing

    on foot the distances between his home and those locations, especially in the

    event of any purchases at those locations and the need to additionally carry

    those purchases back to his home.

70. However, as a result of Defendant's active enforcement of Section 6109(b),

    Defendant is precluding Mr. Ness from obtaining a LTCF and therefore

subjecting Mr. Ness to the carry and transportation restrictions specified in

Sections 6106, 6108, for which Defendant is also actively enforcing, and

which criminalizes Mr. Ness' desired conduct to lawfully carry and lawfully

transport firearms to and from the aforementioned locations and activities, as

well as, for purposes of self-defense.

71. As a result of Defendant's current enforcement of Section 6106, if Mr. Ness

attempts any of the conduct specified in ¶ 68, *supra*, he will be subjected to

felony of the third-degree criminal charges, pursuant to Section 6106(a)(1).

72. Thus, although Mr. Ness can vote, serve on a jury, hold public office, marry

and have children, sign legally binding contracts, join or be drafted into the

armed forces or called upon for federal and state militia service and even be

held fully accountable before the law for criminal matters to the point of

being executed (*see*, 18 U.S.C. § 3591), Defendant contends he should be

barred, by operation of 18 Pa.C.S. § 6109(b) and the PSP's system, from

obtaining a LTCF and is therefore subjected to Sections 6106, 6108, which

restrict his right, in total, to lawfully carry and lawfully transport firearms,

including for the purposes of self-defense, throughout this Commonwealth.

73. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. §

6101, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-

related offenses and are thereby considered mature enough to be held fully

accountable for their criminal actions; yet, Defendant contends that even the

most law-abiding 18-to-20-year-olds are categorically too immature and

irresponsible to carry and transport firearms, even though, they would,

overnight, become mature and responsible enough if they were to join the

military.

74. Mr. Ness is a responsible, peaceable, law-abiding citizen with no history of

violent behavior or other conduct that would suggest he poses any threat or

danger.

75. Mr. Ness desires to obtain a LTCF, so that he would be exempt from the

restrictions imposed by Sections 6106, 6108 and able to lawfully carry and

lawfully transport a loaded firearm for his and his families self-defense and

protection; however, Section 6109(b) prohibits him from applying and the

PSP's system precludes the York County Sheriff from issuing him a LTCF.

76. Mr. Ness has abstained from the conduct specified in ¶¶ 68, 75, *supra*, for

fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S.

§§ 6106, 6108, 6109 instigated and directed by Defendant, should he attempt

the conduct specified in ¶¶ 68, 75, *supra*.

77. Mr. Ness is unwilling to attempt the conduct specified in ¶¶ 68, 75, *supra*,

because doing so would subject him to arrest, prosecution, fine and

incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6108, 6109.

## STATEMENT OF FACTS RELATING TO PLAINTIFF SECOND AMENDMENT FOUNDATION

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. SAF is a nonprofit educational foundation incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.

80. SAF seeks to preserve the effectiveness of the Second Amendment through education, research, publishing, and legal action programs focused on the Constitutional right to keep and bear arms, and the consequences of gun control.

81. SAF has over 720,000 members and supporters nationwide, including thousands of members in Pennsylvania, including Plaintiffs Brown, Palmer, and Ness.

82. SAF has similarly situated members and supporters who are residents of the Commonwealth of Pennsylvania, between the ages of 18 and 20, who would lawfully carry and lawfully transport firearms for the protection of themselves, loved ones, and others, but for Defendant's enforcement of the challenged laws.

83. SAF's similarly situated members:

a.  Are United States citizens;

b.  Are between the ages of 18 and 20;

c.  Are not under indictment;

d.  Have never been convicted of any felony or misdemeanor crime of domestic violence;

e.  Have never been convicted of any crime punishable by more than one (1) year;

f.  Are not fugitives from justice;

g.  Are not, pursuant to state law, unlawful users of any controlled substance;

h.  Are not addicted to any controlled substance;

i.  Have not been adjudicated as mental defective or been committed to any mental institution;

j.  Have not been discharged from the Armed Forces under dishonorable conditions;

k.  Have never renounced their citizenship;

l.  Are not the subject of any restraining order relating to an intimate partner;

m.  Cannot obtain a LTCF due to Section 6109(b) and the PSP's system; and,

n.  Are subject to the restrictions imposed by Sections 6106, 6108.

84. Thus, SAF brings this action on behalf of its members, including the named Plaintiffs herein, who are between 18 and 20 years of age and would lawfully carry and lawfully transport, whether openly or concealed, a firearm for protection of themselves, their loved ones, and others, but for Defendants' enforcement of the challenged laws including criminal penalties and loss of liberty and property.

85. SAF's members have been adversely and directly harmed by Defendant's enforcement of the laws, regulations, policies, practices, and customs challenged herein.

86. As a result, SAF has expended and diverted resources – from education, research, marketing, and publishing – to protect its members because of the Defendant's enforcement and resultant policies, practices, and customs challenged herein.

## COUNT I: 18 PA.C.S. §§ 6106, 6108 ARE UNCONSTITUTIONAL FACIALLY AND *AS-APPLIED* PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS
### (*Plaintiffs v. Defendant*)

87. The foregoing paragraphs are incorporated herein as if set forth in full.

88. The Second Amendment states that "the right of the people to keep and bear arms shall not be infringed."

89. The Supreme Court has held that the right to keep and bear arms is a fundamental right, the core of which is for self-defense. *Heller*, 554 U.S. at 581.

90. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." 554 U.S. at 584.

91. In *McDonald*, the Supreme Court held that the Second Amendment is incorporated as fully applicable to the states through the Fourteenth Amendment. 561 U.S. at 791; *Id*. at 806 (Thomas, J., concurring).

92. In *Lara*, the Third Circuit confirmed that the words "the People" in the Second Amendment "encompasses all adult Americans, including 18-to-20-year-olds." 91 F.4th at 127.

93. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

94. The individual Plaintiffs and SAF's similarly situated members, are responsible, peaceable, law-abiding citizens of Pennsylvania and the United States that lawfully own, possess, and utilize firearms and ammunition, and who wish to be able to lawfully carry and lawfully transport firearms and ammunition throughout this Commonwealth without being subjected to

criminal prosecution, of a felonious nature, simply because they are
ineligible for a LTCF and wish to lawfully carry and lawfully transport
firearms to locations and activities not permitted by Sections 6106, 6108.

95. Defendant Col. Paris has violated the individual Plaintiffs' and SAF's
similarly situated members' right to lawfully carry and lawfully transport a
firearm in their pockets for purposes of self-defense by requiring that they
obtain a LTCF in order for them to do so.

96. Defendant Col. Paris has violated the individual Plaintiffs' and SAF's
similarly situated members' rights by precluding them from lawfully
carrying and lawfully transporting firearms and ammunition, unless going
directly to and directly back from very limited locations and activities, as
specified in 18 Pa.C.S. § 6106.

97. Defendant's enforcement of Sections 6106, 6108 and 6109 and the
regulations, customs, practices, and policies related thereto, is an
infringement and an impermissible burden on the individual Plaintiffs' and
SAF's similarly situated members' right to keep and bear arms pursuant to
the Second and Fourteenth Amendments of the U.S. Constitution, especially
in light of the fact that it prevents them from "wear[ing], bear[ing], or
carry[ing a firearm] ... upon the person or in the clothing or in a pocket, for

the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584.

98.   Moreover, the Defendant's current enforcement of Sections 6106, 6108, 6109 and the regulations, customs, practices, and policies related thereto forces the individual Plaintiffs' and SAF's similarly situated members' to either comply with the draconian and unconstitutional mandate – thereby being prevented from defending themselves and their loved ones – or be subjected to felony and misdemeanor prosecution.

99.   Therefore, as a direct and proximate result of the above infringement and impermissible burden on the individual Plaintiffs' and SAF's similarly situated members' Second and Fourteenth Amendment rights, the individual Plaintiffs' and SAF's similarly situated members' have suffered – and continue to suffer – from an unlawful deprivation of their fundamental constitutional right to keep and bear arms.

100.   Plaintiffs have incurred nominal damages, attorney fees, and costs as a direct result of prosecuting the present court action.

### COUNT II: IN THE ALTERNATIVE, 18 PA.C.S. § 6109 IS UNCONSTITUTIONAL FACIALLY AND *AS-APPLIED* PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS
#### *(Plaintiffs v. Defendant)*

101.   The foregoing paragraphs are incorporated herein as if set forth in full.

102. In the alternative, Defendant Col. Paris has violated the individual Plaintiffs'
and SAF's similarly situated members' rights by requiring that they obtain a
LTCF to be exempt from Sections 6106, 6108 and for purposes of carrying a
firearm, in their pockets, for purposes of self-defense by precluding them on
a basis of Section 6109(b) and the PSP's system.

103. The Supreme Court has held that the right to keep and bear arms is a
fundamental right, the core of which is for self-defense. *Heller*, 554 U.S. at
581.

104. In *Heller*, the U.S. Supreme Court defined "bear arms" as to "wear, bear, or
carry ... upon the person or in the clothing or in a pocket, for the purpose ...
of being armed and ready for offensive or defensive action in a case of
conflict with another person." 554 U.S. at 584.

105. In *McDonald*, the Supreme Court held that the Second Amendment is
incorporated as applicable to the states by the Due Process and Privileges
and Immunities clauses of the Fourteenth Amendment. 561 U.S. at 791; *Id.*
at 806 (Thomas, J., concurring).

106. In *Lara*, the Third Circuit confirmed that the words "the People" in the
Second Amendment "encompasses all adult Americans, including 18-to-20-
year-olds." 91 F.4th at 127.

107. 42 U.S.C. § 1983 prohibits state actors from depriving a person of a federal constitutional rights under color of state law.

108. The individual Plaintiffs' and SAF's similarly situated members' are responsible, peaceable, law-abiding citizens of Pennsylvania and the United States that lawfully own, possess, and utilize firearms and ammunition, and who wish to be able to lawfully carry and lawfully transport firearms and ammunition, in the absence of a LTCF, throughout this Commonwealth without being subjected to criminal prosecution, of felonious and misdemeanor natures, simply because they wish to lawfully carry and lawfully transport firearms to locations and activities not permitted by Sections 6106, 6108 and to carry firearms for their own self-defense.

109. The individual Plaintiffs' and SAF's similarly situated members' are able to vote, serve on a jury, hold public office, marry and have children, sign legally binding contracts, join or be drafted into the armed forces or called upon for federal and state militia service and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591); yet, Defendant contends they are barred – by operation of 18 Pa.C.S. § 6109(b) and the PSP's system for being under twenty-one years of age – from obtaining a LTCF and therefore subjecting them to Sections

6106, 6108, which restrict their right, in total, to lawfully carry and transport firearms throughout this Commonwealth.

110.    The Defendant imposes the restrictions of Section 6109(b) through the PSP's system, which precludes a sheriff from being able to issue a license to carry to an individual between 18 and 20 years of age.

111.    In relation to the individual Plaintiffs' and SAF's similarly situated members', the U.S. Supreme Court has already held that at the core of the Second Amendment – the definition of "bear arms" – is to "wear, bear, or carry [a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person"; yet Defendant contends they must obtain a LTCF to be exempt from Sections 6106, 6108 and to be able to carry a firearm in their pocket for purposes of being armed and ready for offensive or defensive action in a case of conflict with another person.

112.    Defendant Col. Paris has violated the individual Plaintiffs' and SAF's similarly situated members' rights by requiring that they obtain a LTCF to be exempt from Sections 6106, 6108 and to be able to lawfully carry and lawfully transport a firearm in their pockets for purposes of being armed and ready for offensive or defensive action in a case of conflict with another person and thereafter, precluding them obtaining a LTCF.

113. Defendant's enforcement of Section 6109 and the regulations, customs, practices, and policies related thereto, including the restrictions imposed by the PSP's system, is an infringement and an impermissible burden on the individual Plaintiffs' and SAF's similarly situated members' right to keep and bear arms pursuant to the Second and Fourteenth Amendments of the U.S. Constitution, especially in light of the fact that it prevents them from "wear[ing], bear[ing], or carry[ing a firearm] ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584.

114. Moreover, the Defendant's current enforcement of Section 6109 and the regulations, customs, practices, and policies related thereto, including the restrictions imposed by the PSP's system, forces the individual Plaintiffs' and SAF's similarly situated members' to either comply with the draconian and unconstitutional mandate or be subjected to felony and misdemeanor prosecution.

115. Therefore, as a direct and proximate result of the above infringement and impermissible burden on the individual Plaintiffs' and SAF's similarly situated members' Second and Fourteenth Amendment rights, the individual Plaintiffs' and SAF's similarly situated members' have suffered – and

continue to suffer – from an unlawful deprivation of their fundamental

constitutional right to keep and bear arms.

116.   Plaintiffs have incurred nominal damages, attorney fees, and costs as a direct

result of prosecuting the present court action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court

enter judgment in their favor and against Defendant, as follows:

a) Declare that 18 Pa.C.S. §§ 6106, 6108, their derivative regulations, and all
   related laws, policies, and procedures violate the individual Plaintiffs' and
   SAF's similarly situated members' right to keep and bear arms as guaranteed
   by the Second and Fourteenth Amendments to the United States
   Constitution;

b) Preliminarily, and thereafter permanently, enjoin Defendant, his officers,
   agents, servants, employees, and all persons in active concert or participation
   with him from enforcing against the individual Plaintiffs' and SAF's
   similarly situated members', 18 Pa.C.S. §§ 6106, 6108, all their derivative
   regulations, and all related laws, policies, and procedures that would impede
   or criminalize the individual Plaintiffs' and SAF's similarly situated
   members' exercise of their right to keep and bear arms;

c) Alternatively, declare that 18 Pa.C.S. § 6109, its derivative regulations, and all related laws, policies, and procedures, including the PSP's system, violate the individual Plaintiffs' and SAF's similarly situated members' right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

d) Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against the individual Plaintiffs' and SAF's similarly situated members', 18 Pa.C.S. § 6109, all its derivative regulations, and all related laws, policies, and procedures, including the PSP's system, that would impede or criminalize the individual Plaintiffs' and SAF's similarly situated members' exercise of their right to keep and bear arms;

e) Alternatively, declare that 18 Pa.C.S. §§ 6106, 6108, their derivative regulations, and all related laws, policies, and procedures *as-applied* to the individual Plaintiffs' and SAF's similarly situated members' violate their right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

f) Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or

participation with him from enforcing against the individual Plaintiffs' and SAF's similarly situated members', 18 Pa.C.S. §§ 6106, 6108, all their derivative regulations, and all related laws, policies, and procedures that would impede or criminalize the individual Plaintiffs' and SAF's similarly situated members' exercise of their right to keep and bear arms, *as-applied* to them.

g) Alternatively, declare that 18 Pa.C.S. § 6109, its derivative regulations, and all related laws, policies, and procedures, including the PSP's system, *as-applied* to the individual Plaintiffs' and SAF's similarly situated members', violate their right to keep and bear arms as guaranteed by the Second and Fourteenth Amendments to the United States Constitution;

h) Alternatively, preliminarily, and thereafter permanently, enjoin Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him from enforcing against the individual Plaintiffs' and SAF's similarly situated members', 18 Pa.C.S. § 6109, all its derivative regulations, and all related laws, policies, and procedures, including the PSP's system, that would impede or criminalize the individual Plaintiffs' and SAF's similarly situated members' exercise of their right to keep and bear arms, *as-applied* to them;

i)  Award Plaintiffs nominal damages, and pursuant 42 U.S.C. § 1988, costs,

and attorney fees and expenses to the extent permitted; and,

j)  Grant any and all other equitable and/or legal remedies this Court may see

fit.

Respectfully Submitted,

Joshua Prince, Esq.
Joshua@Civilrightsdefensefirm.com

CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 ext 81114
(610) 400-8439 (f)


Adam Kraut, Esq.
Akraut@SAF.org

SECOND AMENDMENT FOUNDATION
12500 N.E. Tenth Place
Bellevue, WA  98005
(425) 454-7012

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAYLOR BROWN,** *et al.* | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| **v.** | : | Civil Action No. |
| | : | |
| **COL. CHRISTOPHER PARIS,** | : | |
| Commissioner of Pennsylvania | : | |
| State Police | : | |
| | : | |
| Defendant | : | |

## DECLARATION OF TAYLOR BROWN

I, Taylor Brown, am competent to state and declare the following based on my personal knowledge:

1. I, Taylor Brown,

    a. Am a United States citizen;

    b. Am over the age of 18 but under the age of 21;

    c. Am not under indictment;

    d. Have never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Have never been convicted of a crime punishable by more than one (1) year of imprisonment;

    f. Am not a fugitive from justice;

    g. Am not an unlawful user of, or addicted to, any controlled substance;

h.  Have not been adjudicated a mental defective or been committed to a mental institution;

i.  Have not been discharged from the Armed Forces under dishonorable conditions;

j.  Have never renounced my citizenship; and,

k.  Am not the subject of a restraining order relating to an intimate partner.

2.  I am a resident and citizen of the Commonwealth of Pennsylvania and currently reside in Juniata County.

3.  I own a handgun.

4.  It is my present intention and desire to procure a license to carry firearms and to be able to lawfully carry and lawfully transport, loaded and unloaded, operable firearms, including a handgun, concealed on my person and in motor vehicles, in public for all lawful purposes including self-defense and in case of confrontation, without being subjected to criminal sanction and the loss of my liberty and rights under Defendant's laws and to procure a license to carry firearms to lawfully do as much.

5.  I also desire to be able to lawfully carry and lawfully transport all of my firearms within the Commonwealth, without restriction, including, but not limited to, being able to:

a. With an unloaded firearm, stop for bathroom breaks, food, coffee, or to pick up or drop off a friend, when going to or from

    i. A range;

    ii. Target shooting;

    iii. A place of purchase to my home or place of business;

    iv. A place of repair, sale or appraisal;

    v. A place of abode or business to another; and,

    vi. A place where I desire to hunt.

b. With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where I may otherwise lawfully possess and carry a firearm, including, but not limited to

    i. Friends' houses;

    ii. Businesses; and,

    iii. From a successful hunt to a business that processes/butchers the successfully taken game.

c. Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth, a loaded, operable firearm on my person for self-defense, defense of my family and others, and in case of confrontation in public requiring defensive

action, including lawfully carrying and lawfully transporting that

loaded and operable firearm to places including, but not limited to:

    i.   Grocery stores, including ones that I frequent, such as the Weis

        Market in Mifflintown, PA, which is approximately 10 miles

        from my home;

   ii.   Local gas stations, including ones that I frequent, such as the

        Rutters in Mifflintown, PA, which is approximately 9 miles

        from my home;

 iii.   Stores and malls, including ones that I frequent, such as the

        Harrisburg Mall in Harrisburg, PA, which is approximately 56

        miles from my home;

  iv.   Restaurants, including ones that I frequent, such as Guante

        Family Restaurant in Mifflintown, PA, which is approximately

        11 miles from my home, as well as, McDonalds in Mifflintown,

        PA 17059 and Tokyo Japanese Restaurant in Burnham, PA,

        which are approximately 12 miles and 26 miles, respectively,

        from my home; and,

   v.   Friends' and family members' houses;

vi. Locations where I hunt, such as friends' properties in Port Royal, PA, which are varying distances from my home, but historically less than a mile.

d. Due to the location of my home in relation to all the aforementioned locations, I am unable to lawfully carry or lawfully transport a firearm on my person, whether concealed or openly, while walking or otherwise traversing on foot the distances between my home and those locations, especially in the event of (1) any purchases at those locations and the need to additionally carry those purchases back to my home or (2) a successful hunt and the need to carry such to a business that processes/butchers the successfully taken game.

6. However, as a result of Defendant's active enforcement of Section 6109(b), Defendant is precluding me from obtaining a license to carry firearms and therefore subjecting me to the transportation and carry restrictions specified in Sections 6106 and 6108, for which Defendant is also actively enforcing, and which criminalizes my desired conduct to lawfully carry and lawfully transport firearms to and from the aforementioned locations and activities, including for purposes of self-defense.

7. As a result of Defendant's current enforcement of Sections 6106 and 6108, if I attempt any of the conduct specified in ¶¶ 4-5, *supra*, I will be subjected to

felony of the third degree criminal charges, pursuant to Section 6106(a)(1), and in relation to locations in Philadelphia, additionally subjected to misdemeanor of the first degree criminal charges, pursuant to Section 6108.

8.  Thus, although I can vote, serve on a jury, hold public office, marry and have children, sign legally binding contracts, join or potentially be drafted into the armed forces or called upon for state militia service and even be held fully accountable before the law for criminal matters to the point of being executed (*see*, 18 U.S.C. § 3591), Defendant contends I should be barred, by operation of 18 Pa.C.S. § 6109(b) and the PSP's system, from obtaining a license to carry firearms and therefore subjecting me to Sections 6106 and 6108, which restrict my right to lawfully carry and lawfully transport firearms, including for the purposes of self-defense, throughout this Commonwealth.

9.  Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. § 6101, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, Defendant contends that even the most law-abiding 18-to-20-year-olds are categorically too immature and irresponsible to carry and transport firearms, even though, they would,

overnight, become mature and responsible enough if they were to join the military.

10. I am a responsible, law-abiding, peaceable citizen with no history of violent behavior or other conduct that would suggest I pose any threat or danger. [1]

11. I desire to obtain a license to carry firearms, so that I would be exempt from the restrictions imposed by Sections 6106 and 6108 and able to carry a loaded firearm for my and my family's self-defense and protection.

12. I have abstained from the conduct specified in ¶¶ 4-5, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6108, 6109, instigated and directed by Defendant, should I attempt the conduct specified in ¶¶ 4-5, *supra*.

13. I am unwilling to attempt the conduct specified in ¶¶ 4-5, *supra*, because doing so would subject me to arrest, prosecution, fine and incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6108, 6109.


I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.

---

[1] *See*, Pennsylvania State Police background check, attached to the Complaint and incorporated therein as Exhibit A.

Date: June 11, 2024



Taylor Brown

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAYLOR BROWN,** *et al.* | **:** | |
| | **:** | |
| Plaintiffs | **:** | |
| | **:** | |
| **v.** | **:** | Civil Action No. |
| | **:** | |
| **COL. CHRISTOPHER PARIS,** | **:** | |
| Commissioner of Pennsylvania | **:** | |
| State Police | **:** | |
| | **:** | |
| Defendant | **:** | |

## <u>DECLARATION OF SHAWN PALMER</u>

I, Shawn Palmer, am competent to state and declare the following based on my personal knowledge:

1. I, Shawn Palmer,

    a. Am a United States citizen;

    b. Am over the age of 18 but under the age of 21;

    c. Am not under indictment;

    d. Have never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Have never been convicted of a crime punishable by more than one (1) year of imprisonment;

    f. Am not a fugitive from justice;

    g. Am not an unlawful user of, or addicted to, any controlled substance;

    h.  Have not been adjudicated a mental defective or been committed to a mental institution;

    i.  Have not been discharged from the Armed Forces under dishonorable conditions;

    j.  Have never renounced my citizenship; and,

    k.  Am not the subject of a restraining order relating to an intimate partner.

2.   I am a resident and citizen of the Commonwealth of Pennsylvania and currently reside in Cumberland County.

3.   I own multiple shotguns, rifles, and a handgun.

4.   It is my present intention and desire to procure a license to carry firearms and to be able to lawfully carry and lawfully transport, loaded and unloaded, operable firearms, including a handgun, concealed on my person and in motor vehicles, in public for all lawful purposes including self-defense and in case of confrontation, without being subjected to criminal sanction and the loss of my liberty and rights under Defendant's laws and to procure a license to carry firearms to lawfully do as much.

5.   I also desire to be able to lawfully carry and lawfully transport all of my firearms within the Commonwealth, without restriction, including, but not limited to, being able to:

a. With an unloaded firearm, stop for bathroom breaks, food, coffee, or to pick up or drop off a friend, [1] when going to or from

    i. A range;

    ii. Target shooting;

    iii. A place of purchase to my home or place of business;

    iv. A place of repair, sale or appraisal;

    v. A place of abode or business to another; and,

    vi. A place where I desire to hunt.

b. With an unloaded firearm, travel throughout the Commonwealth to and from lawful places, where I may otherwise lawfully possess and carry a firearm, including, but not limited to

    i. Friends' houses;

    ii. Businesses; and,

    iii. From a successful hunt to a business that processes/butchers the successfully taken game.

c. Travel in a mode of transportation and carry on the public streets and public property throughout the Commonwealth, including Philadelphia, a loaded, operable firearm on my person for self-

---

[1] Such friends include, but are not limited to, Trishaun Kauffman, Matthew Goodhue, and Sarah Hirsch.

defense, defense of my family and others, and in case of confrontation in public requiring defensive action, including transporting and carrying that loaded and operable firearm to places including, but not limited to:

    i.   Local gas stations, including ones that I frequent, such as the Speedway in Carlisle, PA, which is approximately 12 miles from my home;

    ii.   Stores and malls, including ones that I frequent, such as the Capital City Mall in Camp Hill, PA, which is approximately 12 miles from my home;

    iii.   Restaurants, including ones that I frequent, such as 1794 The Whiskey Rebellion in Carlisle, PA, which is approximately 13 miles from my home, as well as, Pat's King of Steaks in Philadelphia, PA, which is approximately 121 miles from my home;

    iv.   To the Philadelphia Zoo in Philadelphia, PA, which is approximately 117 miles from my home;

    v.   Friends' and family members' houses, including ones that I frequent, such as my grandparents' cabin in Blaine, PA, which is approximately 33 miles from my home;

  vi. My place of employment in Harrisburg, PA, which is approximately 20 miles from my home;

  vii. Locations where I target shoot, such as the Pennsylvania Game Commission Shooting Range on State Game Lands 230 in Carlisle, PA, which is approximately 25 miles from my home; and,

  viii. Locations where I hunt, such as in Williamsport, PA, which is approximately 145 miles from my home.

 d. Due to the location of my home in relation to all the aforementioned locations, I am unable to lawfully carry or lawfully transport a firearm on my person, whether concealed or openly, while walking or otherwise traversing on foot the distances between my home and those locations, especially in the event of (1) any purchases at those locations and the need to additionally carry those purchases back to my home or (2) a successful hunt and the need to carry such to a business that processes/butchers the successfully taken game.

6. However, as a result of Defendant's active enforcement of Section 6109(b), Defendant is precluding me from obtaining a license to carry firearms and therefore subjecting me to the transportation and carry restrictions specified in Sections 6106 and 6108, for which Defendant is also actively enforcing,

and which criminalizes my desired conduct to lawfully carry and lawfully

transport firearms to and from the aforementioned locations and activities,

including for purposes of self-defense.

7.  As a result of Defendant's current enforcement of Sections 6106 and 6108, if

I attempt any of the conduct specified in ¶¶ 4-5, *supra*, I will be subjected to

felony of the third degree criminal charges, pursuant to Section 6106(a)(1),

and in relation to locations in Philadelphia, additionally subjected to

misdemeanor of the first degree criminal charges, pursuant to Section 6108.

8.  Thus, although I can vote, serve on a jury, hold public office, marry and

have children, sign legally binding contracts, join or potentially be drafted

into the armed forces or called upon for state militia service and even be

held fully accountable before the law for criminal matters to the point of

being executed (*see*, 18 U.S.C. § 3591), Defendant contends I should be

barred, by operation of 18 Pa.C.S. § 6109(b) and the PSP's system, from

obtaining a license to carry firearms and therefore subjecting me to Sections

6106 and 6108, which restrict my right to lawfully carry and lawfully

transport firearms, including for the purposes of self-defense, throughout this

Commonwealth.

9.  Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. §

6101, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-

related offenses and are thereby considered mature enough to be held fully accountable for their criminal actions; yet, Defendant contends that even the most law-abiding 18-to-20-year-olds are categorically too immature and irresponsible to carry and transport firearms, even though, they would, overnight, become mature and responsible enough if they were to join the military.

10. I am a responsible, law-abiding, peaceable citizen with no history of violent behavior or other conduct that would suggest I pose any threat or danger. [2]

11. I desire to obtain a license to carry firearms, so that I would be exempt from the restrictions imposed by Sections 6106 and 6108 and able to carry a loaded firearm for my and my family's self-defense and protection.

12. I have abstained from the conduct specified in ¶¶ 4-5, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6108, 6109, instigated and directed by Defendant, should I attempt the conduct specified in ¶¶ 4-5, *supra*.

13. I am unwilling to attempt the conduct specified in ¶¶ 4-5, *supra*, because doing so would subject me to arrest, prosecution, fine and incarceration, at

---

[2] *See*, Pennsylvania State Police background check, attached to the Complaint and incorporated therein as Exhibit B.

Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106,
6108, 6109.


I declare under penalty of perjury that the foregoing is true and accurate to the best

of my information, knowledge and belief.


Date: June 11, 2024                                            _____

                                                              Shawn Palmer

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TAYLOR BROWN,** *et al.* | : |
| | : |
| Plaintiffs | : |
| | : |
| **v.** | : Civil Action No. |
| | : |
| **COL. CHRISTOPHER PARIS,** | : |
| Commissioner of Pennsylvania | : |
| State Police | : |
| | : |
| Defendant | : |

## <u>DECLARATION OF MAXWELL NESS</u>

I, Max Ness, am competent to state and declare the following based on my personal knowledge:

1. In relation to my first name, although my formal first name is Maxwell, I go by Max, instead.

2. I, Max Ness,

    a. Am a United States citizen;

    b. Am over the age of 18 but under the age of 21;

    c. Am not under indictment;

    d. Have never been convicted of a felony or misdemeanor crime of domestic violence;

    e. Have never been convicted of a crime punishable by more than one (1) year of imprisonment;

    f.  Am not a fugitive from justice;

    g.  Am not an unlawful user of, or addicted to, any controlled substance;

    h.  Have not been adjudicated a mental defective or been committed to a mental institution;

    i.  Have not been discharged from the Armed Forces under dishonorable conditions;

    j.  Have never renounced my citizenship; and,

    k.  Am not the subject of a restraining order relating to an intimate partner.

3.  I am a resident and citizen of the Commonwealth of Pennsylvania and currently reside in York County.

4.  I own a handgun.

5.  It is my present intention and desire to procure a license carry to firearms and to be able to lawfully carry and lawfully transport, loaded and unloaded, operable firearms, including a handgun, concealed on my person and in motor vehicles, in public for all lawful purposes including self-defense and in case of confrontation, without being subjected to criminal sanction and the loss of my liberty and rights under Defendant's laws and to procure a license to carry firearms to lawfully do as much.

6.    I also desire to be able to lawfully carry and lawfully transport all of my

firearms within the Commonwealth, without restriction, including, but not

limited to, being able to:

    a.  With an unloaded firearm, stop for bathroom breaks, food, coffee, or

       to pick up or drop off a friend, when going to or from

          i.   A range;

         ii.   Target shooting;

        iii.   A place of purchase to my home or place of business;

        iv.   A place of repair, sale or appraisal; and,

         v.   A place of abode or business to another.

    b.  With an unloaded firearm, travel throughout the Commonwealth to

       and from lawful places, where I may otherwise lawfully possess and

       carry a firearm, including, but not limited to

          i.   Friends' houses; and,

         ii.   Businesses.

    c.  Travel in a mode of transportation and carry on the public streets and

       public property throughout the Commonwealth, a loaded, operable

       firearm on my person for self-defense, defense of my family and

       others, and in case of confrontation in public requiring defensive

action, including lawfully carrying and lawfully transporting that

loaded and operable firearm to places including, but not limited to:

  i.  Local gas stations, to put gas in my vehicle;

  ii.  Stores and malls, including ones that I frequent, such as the

      York Galleria Mall in York, PA, which is approximately 8

      miles from my home, and Park City Mall in Lancaster, PA,

      which is approximately 16 miles from my home;

  iii.  Restaurants, including ones that I frequent, such as Outback

      Steakhouse in York, PA, which is approximately 14 miles from

      my home; and,

  iv.  Friends' and family members' houses, including ones that I

      frequent, such as my friend Sam Broomell, who lives in zip

      code 17552, and Mike Davidson, who lives in zip code 17508,

      which are approximately 14 miles and 25 miles from my home,

      respectively.

d.  Due to the location of my home in relation to all the aforementioned

   locations, I am unable to lawfully carry or lawfully transport a firearm

   on my person, whether concealed or openly, while walking or

   otherwise traversing on foot the distances between my home and those

locations, especially in the event of any purchases at those locations

and the need to additionally carry those purchases back to my home.

7.     However, as a result of Defendant's active enforcement of Section 6109(b),

Defendant is precluding me from obtaining a license to carry firearms and

therefore subjecting me to the transportation and carry restrictions specified

in Sections 6106 and 6108, for which Defendant is also actively enforcing,

and which criminalizes my desired conduct to lawfully carry and lawfully

transport firearms to and from the aforementioned locations and activities,

including for purposes of self-defense.

8.     As a result of Defendant's current enforcement of Sections 6106 and 6108, if

I attempt any of the conduct specified in ¶¶ 5-6, *supra*, I will be subjected to

felony of the third degree criminal charges, pursuant to Section 6106(a)(1),

and in relation to locations in Philadelphia, additionally subjected to

misdemeanor of the first degree criminal charges, pursuant to Section 6108.

9.     Thus, although I can vote, serve on a jury, hold public office, marry and

have children, sign legally binding contracts, join or potentially be drafted

into the armed forces or called upon for state militia service and even be

held fully accountable before the law for criminal matters to the point of

being executed (*see*, 18 U.S.C. § 3591), Defendant contends I should be

barred, by operation of 18 Pa.C.S. § 6109(b) and the PSP's system, from

obtaining a license to carry firearms and therefore subjecting me to Sections

6106 and 6108, which restrict my right to lawfully carry and lawfully

transport firearms, including for the purposes of self-defense, throughout this

Commonwealth.

10. Ironically, pursuant to Pennsylvania's Uniform Firearms Act, 18 Pa.C.S. §

6101, *et seq*., 18-to-20-year-olds may be prosecuted for numerous firearms-

related offenses and are thereby considered mature enough to be held fully

accountable for their criminal actions; yet, Defendant contends that even the

most law-abiding 18-to-20-year-olds are categorically too immature and

irresponsible to carry and transport firearms, even though, they would,

overnight, become mature and responsible enough if they were to join the

military.

11. I am a responsible, law-abiding, peaceable citizen with no history of violent

behavior or other conduct that would suggest I pose any threat or danger. [1]

12. I desire to obtain a license to carry firearms, so that I would be exempt from

the restrictions imposed by Sections 6106 and 6108 and able to carry a

loaded firearm for my and my family's self-defense and protection.

---

[1] *See*, Pennsylvania State Police background check, attached to the Complaint and
incorporated therein as Exhibit C.

13.  I have abstained from the conduct specified in ¶¶ 5-6, *supra*, for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 Pa.C.S. §§ 6106, 6108, 6109, instigated and directed by Defendant, should I attempt the conduct specified in ¶¶ 5-6, *supra*.

14.  I am unwilling to attempt the conduct specified in ¶¶ 5-6, *supra*, because doing so would subject me to arrest, prosecution, fine and incarceration, at Defendant's instigation and direction, for violating 18 Pa.C.S. §§ 6106, 6108, 6109.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.

Date: June 11, 2024

*Max Ness*
Max Ness

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAYLOR BROWN,** *et al.* | : |
| | : |
| Plaintiffs | : |
| | : |
| **v.** | : Civil Action No. |
| | : |
| **COL. CHRISTOPHER PARIS,** | : |
| Commissioner of Pennsylvania | : |
| State Police | : |
| | : |
| Defendant | : |

## DECLARATION OF ALAN GOTTLIEB

I, Alan Gottlieb, am competent to state and declare the following based on my personal knowledge:

1.  I am the Executive Vice President of the Second Amendment Foundation, which is a named institutional plaintiff in this action. I have personal knowledge of the facts stated herein, have reviewed the Complaint, Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum in Support of the Motion for Temporary Restraining Order and Preliminary Injunction, and if called as a witness could competently testify thereto.

2.  This declaration is executed in support of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction in this matter. Specifically, a temporary restraining order and preliminary injunctive relief is requested

and necessitated, as further averred in the Complaint and Motion for a
Temporary Restraining Order and Preliminary Injunction, to prevent the
Defendant from enforcing the restrictions, pursuant to 18 Pa.C.S. §§ 6106,
6108, 6109, which prohibit individuals, between 18 and 20 years of age,
from obtaining a license to carry firearms ["LTCF"], and resultantly subject
them to the draconian limitations imposed by Sections 6106, 6108, which
effectively preclude their ability, *in toto*, to transport/carry a loaded firearm
for purposes of self-defense.

3.  Plaintiff Second Amendment Foundation ("SAF") is a nonprofit educational
    foundation incorporated under the laws of Washington with its principal
    place of business in Bellevue, Washington.

4.  SAF seeks to preserve the effectiveness of the Second Amendment through
    education, research, publishing, and legal action programs focused on the
    Constitutional right to keep and bear arms, and the consequences of gun
    control.

5.  SAF has over 720,000 members and supporters nationwide, including
    thousands of members and supporters in Pennsylvania, inclusive of the
    Plaintiffs Brown, Palmer, and Ness, who are residents of the Commonwealth
    of Pennsylvania, between the ages of 18 and 20, who would lawfully carry

and lawfully transport firearms for the protection of themselves, loved ones, and others, but for Defendant's enforcement of the challenged laws.

6. SAF's similarly situated members:

    a. Are United States citizens;

    b. Are between the ages of 18 and 20;

    c. Are not under indictment;

    d. Have never been convicted of any felony or misdemeanor crime of domestic violence;

    e. Have never been convicted of any crime punishable by more than one (1) year;

    f. Are not fugitives from justice;

    g. Are not unlawful users of any controlled substance;

    h. Are not addicted to any controlled substance;

    i. Have not been adjudicated as mental defective or been committed to any mental institution;

    j. Have not been discharged from the Armed Forces under dishonorable conditions;

    k. Have never renounced their citizenship;

    l. Are not the subject of any restraining order relating to an intimate partner;

     m. Cannot obtain a LTCF due to Section 6109(b) and the PSP's system; [1]

     and,

     n.  Are subject to the restrictions imposed by Sections 6106, 6108

7.   SAF brings this action on behalf of its members, including the named Plaintiffs herein, who are between 18 and 20 years of age and would lawfully carry and lawfully transport, whether openly or concealed, a firearm for protection of themselves, their loved ones, and others, but for Defendants' enforcement of the challenged laws including criminal penalties and loss of liberty and property.

8.   But for Defendant's enforcement of 18 Pa.C.S. §§ 6106, 6108, 6109, SAF's similarly situated members, including the Plaintiffs herein, would be able to exercise their constitutional right to lawfully carry and lawfully transport a firearm for purpose of self-defense and the defense of others.

9.   If convicted for a violation of 18 Pa.C.S. § 6106, Plaintiffs, along with SAF's similarly situated members, would be subject to a felony of the third degree and potential incarceration for a period of up to 7 years, as well as, loss of their ability to purchase, possess, and utilize firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

---

[1] *See*, Comp. ¶¶ 31-35.

10. Moreover, if convicted for a violation of 18 Pa.C.S. § 6108, Plaintiffs, along with SAF's similarly situated members, would be subject to a misdemeanor of the first degree and potential incarceration for a period of up to 5 years, as well as, loss of their ability to purchase, possess, and utilize firearms and ammunition, pursuant to 18 U.S.C. § 922(g)(1).

11. As such, SAF's similarly situated members, including the Plaintiffs herein, reasonably fear arrest, prosecution, fine, and incarceration if they violate 18 Pa.C.S. §§ 6106, 6108.

12. SAF fears that unless the Defendant is temporarily restrained and preliminarily enjoined, our similarly situated members, including the Plaintiffs herein, will be subjected to arrest, prosecution, fine, and incarceration if they do not comply with 18 Pa.C.S. §§ 6106, 6108.

13. As a result, SAF has expended and diverted resources – from education, research, marketing, and publishing – to protect its members because of the Defendant's enforcement and resultant policies, practices, and customs challenged herein.

14. Plaintiffs are accordingly requesting that the Court temporarily restrain and preliminarily enjoin the Defendant, along with his officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing 18 Pa.C.S. §§ 6106, 6108 – or, alternatively, 18 Pa.C.S. 6109(b)

and the PSP's system – against Plaintiffs and SAF's similarly situated members, in order to prevent a manifest injustice, until the Court can render a final decision in this matter.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.


Date: June 19, 2024

Alan Gottlieb

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**SHAWN PALMER,** *et al.*　　　　　:
　　　　　　　　　　　　　　　:
　　　　　　Plaintiffs　　　　　　:
　　　　　　　　　　　　　　　:
　　　**v.**　　　　　　　　　　:
　　　　　　　　　　　　　　　:
**COL. CHRISTOPHER PARIS,**　　:
Commissioner of Pennsylvania　　:
State Police　　　　　　　　　:　**No.**
　　　　　　　　　　　　　　　:
　　　　　　Defendant　　　　　:

## DECLARATION OF BUTLER COUNTY SHERIFF MICHAEL T. SLUPE

I, Michael T. Slupe, am competent to state and declare the following based on my personal and professional knowledge:

1.　I am the duly elected Sheriff of Butler County, Pennsylvania and has served as the past President of the PA Sheriff's Association and am acting upon the approval of the Pennsylvania Sheriffs Association Executive Committee.

2.　As the duly elected Sheriff, although I am responsible for issuing licenses to carry firearms (hereinafter "LTCF") to eligible applicants, the Pennsylvania State Police (hereinafter "PSP") through its licensing portal, precludes myself and other issuing authorities (*see*, 18 Pa.C.S. § 6109) throughout the Commonwealth from processing and issuing an LTCF to anyone disapproved of by the PSP, including applicants who are between 18 and 20 years of age.

3. Specifically, upon attempting to process an application of an individual between 18 and 20 years of age, whenever I or one of my staff attempts to either swipe the applicant's driver's license or state issued identification card or manually insert the applicant's information into the PSP's LTCF processing portal (hereinafter "system"), the system precludes us from being able to submit the information for processing, approval, and issuance of the LTCF.

4. Instead of allowing us to submit the information for processing, approval, and issuance, the system outlines the date of birth section in red, indicating that because the individual is under 21 years of age, we cannot proceed in processing the applicant and issue the LTCF. *See,* screenshot of the system precluding processing of an applicant who is under 21 years of age, which is attached hereto and incorporated herein as Exhibit 1.

5. In the absence of being able to process the applicant through the PSP's system and obtaining an approval from the PSP, neither I nor any other issuing authority has an ability to issue an LTCF to an applicant, as the ability to issue the LTCF is through the PSP's system.

6. Thus, the PSP, through its system, is actively precluding myself and other issuing authorities from approving applicants between the ages of 18 and 20 and issuing LTCFs to them.

7.   Pursuant to the Third Circuit's decision in *Lara v. Comm'r Pennsylvania State Police*, 91 F.4th 122, 127 (3d Cir. 2024), if the PSP's system and 18 Pa.C.S. § 6109 did not preclude me from issuing an LTCF to an otherwise eligible applicant between the ages of 18 and 20 years old, I would issue LTCF's to those otherwise eligible applicants.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my information, knowledge and belief.

Date: June 11, 2024

_____

Michael T. Slupe
Butler County Sheriff



# EXHIBIT 1



| Permit Number | Issued | Status | MCR Number |
|---|---|---|---|
| | | Incomplete | |

**Scan License**   **Check Duplicate Permit(s)**

## Demographics

Last Name *
Last Name cannot be blank.

Suffix

PAOLN / PA ID *

ID State
Select

Sex *
Select
You must select a gender.

Height *
Height cannot be blank.

First Name *
First Name cannot be blank.

Date of Birth *
07/14/2005
Applicant must be 21 years of age or older for LTC.

ID Number *
ID Number required

Other ID

Race *
Select
You must select a race.

Weight *
Weight cannot be blank

Middle Name

SSN

ID Type *
Select
ID Type required.

Hair *
Select
You must select a hair color

Eyes *
Select
You must select an eye color

62°F Mostly cloudy



LTC

Permit Number

Scan License

## Demographics

Last Name *

Last Name cannot be blank

Suffix

PAOLN / PAID *

ID State
Select

Sex *
Select
You must select a gender

Height *

Height cannot be blank

First Name *

First Name cannot be blank

Date of Birth *
07/14/2005
Applicant must be 21 years of age or older for LTC

ID Number *

ID Number required

Other ID

Race *
Select
You must select a race.

Weight *

Weight cannot be blank

Middle Name

SSN

ID Type *
Select
ID Type required

Hair *
Select
You must select a hair color.

Eyes *
Select
You must select an eye color.

## Validation Failed.

⚠ Validation failed.

OK

62°F  Mostly cloudy