IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN, SHAWN PALMER, MAX NESS, and SECOND AMENDMENT FOUNDATION,** | : : : : | CIVIL ACTION NO. 1:24-CV-1015 (Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **COL. CHRISTOPHER PARIS,** | : : | |
| **Defendant** | : | |

# **ORDER**

AND NOW, this 24th day of June, 2024, upon consideration of the motion (Doc. 2) for temporary restraining order and preliminary injunction filed on June 20, 2024, by plaintiffs Taylor Brown, Shawn Palmer, Max Ness, and the Second Amendment Foundation, and following a telephonic conference with the parties on today's date for scheduling purposes, it is hereby ORDERED that:

1. A hearing on plaintiffs' motion for temporary restraining order and preliminary injunction shall commence on **Thursday, July 11, 2024, at 1:30 p.m.** in Courtroom #7A, Sylvia H. Rambo United States Courthouse, 1501 North 6th Street, Harrisburg, Pennsylvania, 17102.

2. Plaintiffs shall file a supplemental brief in support of their motion addressing the import of the United States Supreme Court's recent decision in United States v. Rahimi, No. 22-915, 602 U.S. ___, 2024 WL 3074728 (June 21, 2024), no later than **5:00 p.m. on Thursday, June 27, 2024**.

3.  Defendant shall file a responsive brief no later than **5:00 p.m. on Monday, July 8, 2024**.  In its response, defendant shall "identify . . . well-established and representative historical analogue[s]" for the challenged statutory provisions that it believes are "analogous enough" for those statutes "to pass constitutional muster."  See New York State Rifle & Pistol Assoc., Inc. v. Bruen, 597 U.S. 1, 30 (2022); see also Range v. Att'y Gen. U.S. of Am., 69 F.4th 96, 101 (3d Cir. 2023) (*en banc*) (explaining that "the government now bears the burden of proof" in establishing historical tradition of firearms regulation"); accord Rahimi, 2024 WL 3074728, at *6.

4.  To the extent the parties cite historical sources not easily accessible in electronic format via Westlaw, they shall attach to their briefs the complete text of the sources relied upon.

5.  The parties' prehearing memoranda are due on or before **Wednesday, July 10, 2024**.  Therein, the parties shall apprise the court whether they anticipate calling any witnesses or putting on additional evidence beyond the declarations attached to plaintiffs' complaint and motion.

6.  The parties shall meet and confer forthwith to jointly determine the proper scope of and timeline for exchanging prehearing discovery.  If a discovery dispute arises and is not resolved after counsel attempt in good faith to do so, counsel shall file a letter to the docket requesting a telephonic discovery conference and outlining the nature of the dispute.  Counsel shall not file a formal discovery motion unless directed to do so following the telephonic conference.

/S/ Christopher C. Conner
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania