July 17, 2024

**VIA ECF**
Honorable Christopher C. Conner
Sylvia H. Rambo
United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

      Re:    *Taylor Brown, et al. v. Col. Christopher Paris*
               Docket No. 1:24-CV-1015

Dear Judge Conner,

    In accordance with the Court's direction that the Parties in this matter provide notice of relevant new case law and Defendants' recently filed notice earlier today (Doc. 16), Plaintiffs, through undersigned counsel, file this response providing more insight into the Third Circuit's decision in *Delaware State Sportsman's Assn., Inc. et al. v. Delaware Dep't of Safety & Homeland Security*, No. 23-1633, 2024 WL 3406290, (3rd Cir. July 15, 2024) ("*DSSA*") and the Eighth Circuit's decision in *Kristin Worth, et al. v. Bob Jacobson*, No 23-2248 (8th Cir. 2024),[1] as well as, their application to this matter.

    First, while Commissioner Paris believes the Third Circuit's opinion supports his request to deny Plaintiffs' motion, setting aside that the panel decision in *DSSA* appears to be at odds with other precedent from the Third Circuit and may result in a request for reconsideration *en banc*,[2] the Third Circuit explicitly acknowledged that Fed.R.Civ.P. 65(a)(2) allows this Court to advance this matter to a trial on the merits in order to "vindicate constitutional rights promptly" and that "[o]ften, 'it would be more efficient to consolidate the trial on the merits with the motion for a

---

[1] Yesterday, the undersigned transmitted a copy of the *Worth* opinion to chambers via email, with opposing counsel copied, but did not provide any commentary on the decision, as he was of the understanding that the Parties were only supposed to email copies of new precedent to Chambers. However, with Defendant's filing today, wherein, Commissioner Paris, beyond notifying the Court of the decision, additionally provided argument, counsel believes it important to address the Commissioner's arguments.

[2] *See e.g.*, *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 113, 114 (3d Cir. 2013); *Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 143 (3d Cir. 2017).

preliminary injunction under Rule 65(a)(2).'" 2024 WL 3406290, at *9 (internal citations omitted). In this matter, Plaintiffs explicitly requested that this Court, pursuant to Rule 65, advance the matter to a trial on the merits (Doc. 8, pgs. 19-21). Thereafter, this Court issued its Scheduling Order (Doc. 9), which provided in paragraph 6 for discovery to potentially effectuate advancing the matter to a trial on the merits. As Plaintiffs addressed in their Reply Brief (Doc. 14, pg. 18), the Defendant did not respond in opposition to Plaintiffs' request in its Brief in Opposition (Doc. 12), nor did Defendant raise issue during the hearing on July 11, 2024. In fact, the undersigned's recollection is that Defendant's counsel agreed that there were no factual disputes during the hearing. Further, although Plaintiffs provided Col. Paris with an opportunity to submit a counter declaration, he elected not to do so. Doc. 14, pg. 3, fn. 3. As there are no factual disputes in this matter, it is appropriate for this Court to "vindicate [the Plaintiffs] constitutional rights promptly," by issuing a final judgment.

Second, even if, *arguendo*, this Court was not inclined to render a final judgment, while Defendants are correct that the Third Circuit stated that a preliminary injunction is an extraordinary remedy, there are several key distinctions between the case before this Court and *DSSA*.

Specifically, in *DSSA* the Third Circuit found there was no irreparable harm to the challengers because they "did not allege that Delaware has tried to enforce the disputed laws against them or to seize the guns or magazines they already own." 2024 WL 3406290, at *7. Compared to the matter before the Court, as alleged in Plaintiffs' complaint, Col. Paris *is enforcing* 18 Pa.C.S. §§ 6106, 6108, and 6109 against the Plaintiffs and Second Amendment Foundation's members. Doc. 1, ¶¶ 8-13, 25, 31-35, 42-44, 48, 56-58, 62, 70-72, 76, 82, 84, 97-98, 110, 113-114. Further, it is important to note that the Third Circuit stated "[w]e also limit our analysis of irreparable injury to *this preliminary injunction*" and "do not hold that Second Amendment harms…cannot be irreparable." *Id.*, at *8 (emphasis added).

Defendant states that in *DSSA*, as in the instant matter, "plaintiffs failed to demonstrate…'harms beyond ones that can be cured after final judgment.'" Doc. 16 at 1-2. However, he misses the mark as the Supreme Court declared in *Heller* that to "bear arms" means to "wear, bear, or *carry…upon the person or in the clothing or in a pocket*, for the purpose…of *being armed and ready for offensive or defensive action* in a case of conflict with another person," *District of Columbia v. Heller*, 554 U.S. 570, 584 (2008), and it is the enforcement of the challenged laws that prevent Plaintiffs and Second Amendment Foundation's members from being

able to wear, bear, or carry arms for the purpose of being armed and ready for offensive or defensive action.

The Third Circuit also took issue with the timing of the request for a preliminary injunction (4 months) (*id.* at *1), noted that the District Court started preparing for a November 2023 trial (*id.* at *2), and that "the challengers chose to appeal and put the District Court proceedings on hold." *Id.* In this matter, Plaintiffs contemporaneously filed their Complaint (Doc. 1) and Motion for a Preliminary Injunction (Doc. 2). As such, there was no delay. Furthermore, as discussed *supra*, because there is no factual dispute, Plaintiffs moved for the Court to advance the matter to a trial on the merits and render a final judgment.

In relation to *Worth*, Col. Paris chides the Eight Circuit for allegedly injecting a means-end analysis back into the analysis "in discussing whether defendants proffered enough evidence to make a finding of dangerousness based upon membership in the age-based class" (Doc. 16, pg. 2); however, Defendant has made that same argument himself. *See*, Doc. 12, pgs. 14-17.

Lastly, Defendant states that "he does not seek to prevent Plaintiffs from *bearing*…arms."[3] Doc. 16, pg. 3. Yet, as explained at oral argument, and through Plaintiffs' briefs, that is exactly what he does by the continued enforcement of the laws. Moreover, Defendant's characterization of "permissive" open-carry laws is misleading – at best – as analyzed thoroughly by Plaintiffs' briefs, which reflect that it is virtually impossible to lawfully open carry without violating 18 Pa.C.S. §§ 6106, 6108.

For these reasons, Plaintiffs' motion should be granted and the Court should issue a final judgment or issue a preliminary injunction to vindicate Plaintiffs' constitutional rights.

Respectfully Yours,

Joshua Prince, Esq.
Attorney for Plaintiffs

---

[3] As discussed *supra*, *Heller* explicitly defined what "bear arms" means and Defendant is prohibiting Plaintiffs from that exact conduct.

<u>Served via ECF</u>:
Counsel for Defendant:
Erich T. Greiner