## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN, SHAWN** | : | |
| **PALMER, MAX NESS** *and* | : | **No. 1:24-CV-01015** |
| **SECOND AMENDMENT** | : | |
| **FOUNDATION,** | : | **Judge Conner** |
| **Plaintiffs** | : | |
| | : | **Electronically Filed Document** |
| **v.** | : | |
| | : | *Complaint Filed 06/20/24* |
| **COL. CHRISTOPHER PARIS,** | : | |
| **Defendant** | : | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

AND NOW, comes Defendant Colonel Christopher Paris (Paris), Commissioner of the Pennsylvania State Police, in his official capacity, through undersigned counsel, and files herein his Answer and Affirmative Defenses responding to Plaintiffs' Complaint as follows: All headings correspond to headings in the Complaint. Defendant's Answer also matches his response to Plaintiffs' paragraphing. Defendant makes his best efforts to respond to Plaintiff's Complaint, and the allegations and averments contained therein.

## <u>INTRODUCTION</u>

1.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

2.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

3.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

4.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

5.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

6.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

7.  This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

8.  DENIED. By way of further explanation, the Assembly, in passing 18 Pa.C.S. §6109 has prohibited eighteen to twenty-year olds from applying for and obtaining a permit to carry concealed a firearm. Moreover, Plaintiffs proffer a legal conclusion that this law is in violation of the Second Amendment of the Constitution. This legal conclusion requires no response, but to the extent a response is required, it is DENIED.

9.  DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent the Paragraph contains factual allegations, they are DENIED.

10. DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. To the extent the Paragraph contains factual allegations, they are DENIED.

11. DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. By way of further response, Defendant LACKS SUFFICIENT KNOWLEDGE as to whether the organizational plaintiff counts other, similarly situated individuals as individual plaintiffs among its members. It is further DENIED that Defendant has prohibited such persons from obtaining concealed carry permits, as §6109 is a duly enacted statute of the Assembly. All other factual averments and allegations contained in this paragraph are DENIED.

12. DENIED. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. By way of further response, Defendant LACKS SUFFICIENT KNOWLEDGE as to whether the organizational plaintiff counts other, similarly situated individuals as individual plaintiffs among its members. It is further DENIED that Defendant has prohibited such persons from open carrying in Philadelphia, as §6108 is a duly enacted statute of the Assembly. All other factual averments and allegations contained in this paragraph are DENIED.

13. DENIED. This Paragraph set forth legal conclusions to which no responsive pleading is required. To the extent that there are factual allegations, they are DENIED. By way of further response, Defendant LACKS KNOWLEDGE as to whether organizational plaintiff counts other, similarly situated individuals as individual plaintiffs among its members. All other factual averments and allegations contained in this paragraph are DENIED.

14. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

15. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

16. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

17. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained therein are ADMITTED IN PART, DENIED IN PART. By way of further response, it is ADMITTED that Plaintiffs Brown, Palmer and Ness are precluded from obtaining a concealed carry license under §6109(b) until such time as they reach 21 years of age. Defendant LACKS KNOWLEDGE as to whether organizational plaintiff counts other, similarly situated individuals as individual plaintiffs among its members.

18. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

19. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

20. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained in this paragraph are DENIED.

**PARTIES**

21. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

22. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

23. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

24. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Plaintiff only. To the extent this paragraph contains other factual averments or allegations, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments or allegations.

25. ADMITTED IN PART, DENIED IN PART. ADMITTED as to the identity of Defendant only. To the extent this paragraph contains other factual averments or allegations, they are DENIED.

## JURISDICTION AND VENUE

26. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

27. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

28. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

## 18 Pa.C.S. § 6109

29. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

30. This is a legal conclusion to which no response is required. To the extent a response is required, any factual averments or allegations contained therein are DENIED.

## STATEMENT OF FACTS RELATING TO THE PROCESSING OF LICENSE TO CARRY FIREARM APPLICATIONS

31. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that §6109 places provides sole discretion to the sheriffs in issuing a LTCF. It is further ADMITTED that in the execution of that duty, sheriffs use the licensing portal which is maintained by PSP. It is also ADMITTED that by law, a sheriff cannot issue concealed carry permits to those who are between 18 to 20 years of age, and that the portal reflects the law passed by the General Assembly. It is DENIED that the portal precludes sheriffs from issuing concealed carry permits to applicants who are "otherwise disapproved of by the PSP".

32. ADMITTED, with the clarification that the system reflects the law.

33. ADMITTED, with the clarification that the system reflects the law.

34. ADMITTED, with the clarification that the system reflects the law.

35. DENIED. It is DENIED that PSP is actively precluding sheriffs throughout the Commonwealth from approving applicants between 18 and 20 and issuing concealed carry permits to them, as sheriffs are precluded by law from issuing permits to these individuals, and if they were to do so, would be violating the law. By way of further response, PSP acts solely according to its statutory duties, including those set forth in Section 6109 and 6111.1 of the UFA.

## STATEMENT OF FACTS RELATING TO PLAINTIFF TAYLOR BROWN

36. This is a transition paragraph to which no response is required.

37. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

38. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

39. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

40. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

41. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

42. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that Plaintiff Brown is subject to the restrictions of §6106 and §6108 when open carrying, and is subject to §6109's temporary restriction on obtaining a concealed carry permit. It is DENIED that Defendant, beyond his general duty to enforce the laws of this Commonwealth, actively enforces the age restriction for obtaining a concealed carry permit, as §6109 places the duty of enforcement with the sheriffs of the Commonwealth's counties. It is further DENIED that the Commonwealth's laws criminalize Plaintiff's conduct in engaging in open carry of a firearm.

43. This is a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained in this paragraph are DENIED.

44. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that as an individual at least eighteen years of age and less than twenty-one, Plaintiff may vote, is subject to the duty to serve on a jury, may hold certain public offices that are not subject to established age-restrictions such as holding a seat in the United States Congress or the United States Presidency, and while she may join the military, she is not subject to the draft. It is also ADMITTED that she is subject to the age regulations on obtaining a concealed carry permit, and like all Pennsylvanians is subject to the open carry regulations in §6106 and §6108. All other factual averments and legal allegations contained in this paragraph are DENIED.

45. This is a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained in this paragraph are DENIED.

46. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

47. ADMITTED IN PART, DENIED IN PART. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's averments regarding her state of mind. IT IS ADMITTED that she is subject to §6109's age restrictions on obtaining a concealed carry permit.

48. DENIED. The allegations of this Paragraph constitute legal conclusions, which are DENIED. Further,  Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

49. DENIED. The allegations of this Paragraph constitute legal conclusions, which are DENIED. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

 **STATEMENT OF FACTS RELATING TO PLAINTIFF SHAWN PALMER**

50. This is a transition paragraph to which no response is required.

51. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

52. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

53. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

54. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

55. Defendant LACKS SUFFIFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

56. DENIED. The allegations of this Paragraph are legal conclusions to which no responsive pleading is required. The factual allegations are DENIED.

57. This is a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained in this paragraph are DENIED.

58. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that as an individual at least eighteen years of age and less than twenty-one, Plaintiff may vote, is subject to the duty to serve on a jury, may hold certain public offices that are not subject to established age-restrictions such as holding a seat in the United States Congress or the United States Presidency, he may join the military, and is subject to the draft. It is also ADMITTED that he is subject to the age regulations on obtaining a concealed carry permit, and like all Pennsylvanians is subject to the open carry regulations in §6106 and §6108. All other factual averments and legal allegations contained in this paragraph are DENIED.

59. This is a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained in this paragraph are DENIED.

60. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

61. ADMITTED IN PART, DENIED IN PART. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's averments regarding his state of mind. IT IS ADMITTED that she is subject to §6109's age restrictions on obtaining a concealed carry permit.

62. DENIED. The allegations of this Paragraph are legal conclusions, which are DENIED. Further, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

63. DENIED. The allegations of this Paragraph are legal conclusions, which are DENIED. Further, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

## STATEMENT OF FACTS RELATING TO MAX NESS

64. This is a transition paragraph to which no response is required.

65. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

66. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

67. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

68. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

69. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

70. DENIED. The allegations of this Paragraph constitute legal conclusions, to which no responsive pleading is required, and which are DENIED. By way of further response, is DENIED that Defendant, beyond his general duty to enforce the laws of this Commonwealth, actively enforces the age restriction for obtaining a concealed carry permit, as §6109 places the duty of enforcement with the sheriffs of the Commonwealth's counties. It is further DENIED that the Commonwealth's laws criminalize Plaintiff's conduct in engaging in open carry of a firearm.

71. This is a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained in this paragraph are DENIED.

72. ADMITTED IN PART, DENIED IN PART. It is ADMITTED that as an individual at least eighteen years of age and less than twenty-one, Plaintiff may vote, is subject to the duty to serve on a jury, may hold certain public offices that are not subject to established age-restrictions such as holding a seat in the United States Congress or the United States Presidency, he may join the military, and is subject to the draft. It is also ADMITTED that he is subject to the age regulations on obtaining a concealed carry permit, and like all Pennsylvanians is subject to the open carry regulations in §6106 and §6108. All other factual averments and legal allegations contained in this paragraph are DENIED.

73. This is a legal conclusion to which no response is required. To the extent a response is required, the factual averments and allegations contained in this paragraph are DENIED.

74. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

75. ADMITTED IN PART, DENIED IN PART. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's averments regarding his state of mind. IT IS ADMITTED that she is subject to §6109's age restrictions on obtaining a concealed carry permit.

76. DENIED. The allegations of this Paragraph constitute legal conclusions, which are DENIED. Further, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

77. DENIED. The allegations of this Paragraph constitute legal conclusions, which are DENIED. Further, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

## STATEMENT OF FACTS RELATING TO PLAINTIFF SECOND AMENDMENT FOUNDATION

78. This is a transition paragraph to which no response is necessary.

79. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

80. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

81. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

82. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

83. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

84. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. Further, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

85. DENIED.

86. The allegations of this Paragraph constitute legal conclusions to which no responsive pleading is required. Further, Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of Plaintiff's factual averments and allegations contained in this paragraph.

## COUNT I: 18 PA.C.S. 6106, 6108 ARE UNCONSTUTIONAL FACTIALLY AND *AS-APPLIED* PURSUANT TO THE SECOND AND FOURTEENTH AMENDMENTS (*Plaintiffs v. Defendant*)

87. This is a transition paragraph to which no response is necessary.

88. This is a legal conclusion to which no response is necessary. To the extent a response is necessary, all factual averments and allegations contained in this paragraph are DENIED.

89. This is a legal conclusion to which no response is necessary. To the extent a response is necessary, all factual averments and allegations contained in this paragraph are DENIED.

90. This is a legal conclusion to which no response is necessary. To the extent a response is necessary, all factual averments and allegations contained in this paragraph are DENIED.

91. This is a legal conclusion to which no response is necessary. To the extent a response is necessary, all factual averments and allegations contained in this paragraph are DENIED.

92. This is a legal conclusion to which no response is necessary. To the extent a response is necessary, all factual averments and allegations contained in this paragraph are DENIED.

93. This is a legal conclusion to which no response is necessary. To the extent a response is necessary, all factual averments and allegations contained in this paragraph are DENIED.

94. ADMITTED IN PART, DENIED IN PART. By further way of explanation, Defendant LACKS SUFFICIENT KNOWDEDGE to form a belief about the truth of Plaintiffs' assertions regarding their character. Furthermore, Defendant ADMITS that Plaintiffs would be subject to criminal prosecution if they violate §6106 and §6108, which apply to all Pennsylvanians.

95. This is a legal conclusion, which requires no response. To the extent a response is required, all factual averments and allegations contained therein are DENIED.

96. This is a legal conclusion, which requires no response. To the extent a response is required, all factual averments and allegations contained therein are DENIED.

97. This is a legal conclusion, which requires no response. To the extent a response is required, all factual averments and allegations contained therein are DENIED.

98. This is a legal conclusion, which requires no response. To the extent a response is required, Defendant LACKS SUFFICIENT INFORMATION to form a belief as to whether organizational plaintiff counts individuals similarly-situted to individual plaintiffs in this matter. Further, all other factual averments and allegations contained therein are DENIED.

99. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

100. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

**<u>COUNT II: IN THE ALTERNATIVE, 18 PA.C.S. § 6109 IS</u>**
**<u>UNCONSTITUTIONAL FACTIALLY AND *AS-APPLIED* PURSUANT TO</u>**
**<u>THE SECOND AND FOURTEENTH AMENDMENTS</u> (*Plaintiffs v.**
***Defendant*)**

101. This is a transition paragraph, to which no response is required.

102. This is a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

103. This is a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

104. This is a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

105. This is a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

106. This is a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

107. This is a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

108. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief bout the truth of Plaintiffs' factual averments and allegations contained in this paragraph.

109. ADMITTED IN PART, DENIED IN PART. Defendant LACKS SUFFICIENT KNOWLEDGE to form a belief about the truth of institutional Plaintiff's assertions that it counts individuals similarly-situated to individual Plaintiffs among its members. It is ADMITTED that Plaintiffs are subject to §6109(b), 6106, and 6106. It is DENIED Defendant contends that Plaintiffs are subject to these laws, the laws themselves subject Plaintiffs to these laws. Finally, it is DENIED that these laws effectively eliminate Plaintiffs' ability to keep and bear arms in accordance with the Second Amendment.

110. ADMITTED IN PART, DENIED IN PART. By way of further explanation, sheriffs are responsible for the enforcement of §6109(b), and must, by law, refrain from issuing concealed carry permits aged 18 to 20 regardless of their ability to conduct a background check using PSP's system. Accordingly, Plaintiffs allegation that PSP enforces §6109 is DENIED. It is ADMITTED that PSP is responsible for the construction and maintenance of the background check database.

111. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

112. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

113. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

114. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

115. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

116. This paragraph contains a legal conclusion, to which no response is required. To the extent a response is required, all factual averments and allegations contained in this paragraph are DENIED.

## **PRAYER FOR RELIEF**

a. This paragraph contains Plaintiffs' request for relief, to which no response is required.

b. This paragraph contains Plaintiffs' request for relief, to which no response is required.

c. This paragraph contains Plaintiff's request for relief, to which no response is required.

d. This paragraph contains Plaintiff's request for relief, to which no response is required.

e. This paragraph contains Plaintiff's request for relief, to which no response is required.

f. This paragraph contains Plaintiff's request for relief, to which no response is required.

g. This paragraph contains Plaintiff's request for relief, to which no response is required.

h. This paragraph contains Plaintiff's request for relief, to which no response is required.

i. This paragraph contains Plaintiff's request for relief, to which no response is required.

j. This paragraph contains Plaintiff's request for relief, to which no response is required.

## AFFIRMATIVE DEFENSES

In addition to the denials set forth above, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE- FAILURE TO STATE A CLAIM

Plaintiffs fail to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE- LACK OF INTENT

If Defendant violated any of Plaintiffs' rights, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton, or reckless.

### THIRD AFFIRMATIVE DEFENSE-IMMUNITIES

Defendant may be immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign, or any other immunity.

### FOURTH AFFIRMATIVE DEFENSE-STATUTE OF LIMITATIONS

Parts or all of Plaintiffs' action may be barred by the applicable Statute of Limitation

### FIFTH AFFIRMATIVE DEFENSE-STANDING

Each Plaintiff may lack the required standing to bring the claims in this matter, in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE-INTENT

At no time has Defendant, either individually, or in concert with others, deprived or sought to deprive Plaintiffs of any rights, privileges, or immunities secured to them by the Constitution or laws of the United States or this Commonwealth.

## SEVENTH AFFIRMATIVE DEFENSE- RES JUDICATA

Plaintiffs' claims may be barred, in whole or in part, by *res judicata* and/or collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE-ABSTENTION

Plaintiffs' claims may be precluded by principles of abstention.

## NINTH AFFIRMATIVE DEFENSE-FAILURE TO JOIN INDESPENSABLE PARTIES

Plaintiff failed to join indispensable parties.

## TENTH AFFIRMATIVE DEFENSE- IMPROPER VENUE

Some or all of the claims should be dismissed due to improper venue

Defendant reserves the right to assert additional Affirmative Defenses, as appropriate.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

By:   _s/ ERICH T. GREINER_

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6301**

**egreiner@attorneygeneral.gov**

**Date: July 19, 2024**

         **ERICH T. GREINER**
         **Deputy Attorney General**
         **Attorney ID 331601**

         **NICOLE R. DITOMO**
         **Chief Deputy Attorney General**
         **Civil Litigation Section**

         **Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN, SHAWN** | : | |
| **PALMER, MAX NESS** *and* | : | **No. 1:24-CV-01015** |
| **SECOND AMENDMENT** | : | |
| **FOUNDATION,** | : | **Judge Conner** |
| **Plaintiffs** | : | |
| | : | **Electronically Filed Document** |
| **v.** | : | |
| | : | *Complaint Filed 06/20/24* |
| **COL. CHRISTOPHER PARIS,** | : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

I, Erich T. Greiner, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on July 19, 2024, I

caused to be served a true and correct copy of the foregoing document titled

*Defendant's Answer and Affirmative Defenses* to the following:

## VIA ELECTRONIC FILING

**Adam J. Kraut, Esquire**               **Joshua G. Prince, Esquire**
**Second Amendment Foundation**          **Prince Law Offices, PC**
**12500 NE Tenth Place**                 **646 Lenape Road**
**Bellevue, WA  98005**                  **Bectelsville, PA  19505**
akraut@saf.org                           joshua@princelaw.com
*Counsel for Plaintiffs*                 *Counsel for Plaintiffs*


                                    *s/ ERICH T. GREINER*
                                    **ERICH T. GREINER**
                                    Deputy Attorney General