July 26, 2024

**VIA ECF**
Honorable Christopher C. Conner
Sylvia H. Rambo
United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

      Re:    *Taylor Brown, et al. v. Col. Christopher Paris*
              Docket No. 1:24-CV-1015

Dear Judge Conner,

    In accordance with the Court's direction that the Parties in this matter provide notice of relevant new case law, although Plaintiffs believe the Court is aware of its recently issued decision in *Suarez, et al. v. Paris*, No. 1:21-CV-710, 2024 WL 3521517, (M.D. Pa. July 24, 2024), Plaintiffs, through undersigned counsel, nevertheless notify this Court consistent with the Court's direction. Further, Plaintiffs respectfully point out several issues in relation to the *Suarez* decision and its application to this matter.

    First, in relation to venue, the Pennsylvania State Police, including Commissioner Paris, is headquartered in Harrisburg,[1] all of the individual Plaintiffs reside in the Middle District,[2] and a substantial part of the events has occurred in the Middle District, as the General Assembly, which passed the law complained of, is based in Harrisburg and the laws are of general, statewide applicability; thus, venue is proper in the Middle District, pursuant to 28 U.S.C. §§ 1391(b)(1), (2).[3]

---

[1] *See e.g.*, https://www.pa.gov/en/agencies/psp/contact-psp/bureau-and-office-directory.html.
[2] *See*, Doc. 1, ¶¶ 21, 22, 23; Doc 2-3, ¶ 2; Doc 2-4, ¶ 2; Doc 2-5, ¶ 3.
[3] *See also*, *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)(declaring, "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice '* * * should not be lightly disturbed…a transfer is not to be liberally granted. The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer…and '* * * unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.)(citations and quotations omitted); *Jumara v. State Farm Ins. Co.*, 55 F.3d

Further, unlike in *Suarez*, where a motion to dismiss was filed,[4] in this matter Defendant has filed an Answer.[5]

Second, in relation to 18 Pa.C.S. § 6108, it is a statute of statewide application, as it applies to any "city of the first class." It is not limited to Philadelphia and is automatically triggered by a city becoming a city of the first class. Further, although the *Suarez* decision relies on the "local interests of Philadelphia" and that "as a city of the first class, Philadelphia enjoys unique prerogatives and interests in Pennsylvania's state constitutional scheme,"[6] the U.S. Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 26 (2022) eschewed interest balancing and declared that "[t]he Second Amendment 'is the very *product* of an interest balancing by the people' and it 'surely elevates above all other interests the right of law-abiding, responsible citizens to use arms' for self-defense. It is this balance—struck by the traditions of the American people—that demands our unqualified deference." Thus, Philadelphia's or anyone else's interest is immaterial to whether the law is constitutional. Stated slightly differently, the law either is or is not constitutional, without regard to any special interests. And, as the *Bruen* Court declared in relation to New York's laws, "there is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department." 597 U.S. at 31. No differently, Pennsylvania cannot treat Philadelphia specially.

For these reasons, Plaintiffs' motion should be granted and the Court should issue a final judgment or issue a preliminary injunction to vindicate Plaintiffs' constitutional rights.

Respectfully Yours,

*Joshua Prince*
Joshua Prince, Esq.
Attorney for Plaintiffs

---

873, 880 (3d Cir. 1995)(declaring, "courts normally defer to a plaintiff's choice of forum.")
[4] 2024 WL 3521517, at *2.
[5] *See*, Doc. 18.
[6] 2024 WL 3521517, at *5.

<u>Served via ECF</u>:
Counsel for Defendant:
Erich T. Greiner