IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAYLOR BROWN, SHAWN PALMER, MAX NESS, and SECOND AMENDMENT FOUNDATION,** : | CIVIL ACTION NO. 1:24-CV-1015 |
| : | |
| : | (Judge Conner) |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **Col. CHRISTOPHER PARIS, Commissioner of Pennsylvania State Police,** : | |
| : | |
| **Defendant** : | |

# ORDER

AND NOW, this 29th day of July, 2024, upon consideration of the motion (Doc. 2) for a temporary restraining order and preliminary injunction filed by plaintiffs Taylor Brown, Shawn Palmer, Max Ness, and the Second Amendment Foundation, wherein plaintiffs move the court to restrain and thereafter enjoin defendant Christopher Paris, Commissioner of the Pennsylvania State Police, from enforcing Sections 6106, 6108, and 6109 of Pennsylvania's Uniform Firearms Act of 1995 ("UFA" or "the Act"), see 18 PA. CONS. STAT. § 6101 *et seq.*,[1] on the grounds that

---

[1] Although there are numerous exceptions, the Commonwealth of Pennsylvania generally permits open carry of firearms without a license. See 18 PA. CONS. STAT. § 6109(a); id. § 6106(a). To carry a concealed weapon, however, an individual must be at least 21 years old and possess a firearms license issued by the sheriff of the county in which they reside. Section 6106 prohibits unlicensed concealed carry and carry of any kind in a vehicle. See id. § 6106. Section 6108 prohibits all unlicensed carry in the City of Philadelphia. See id. § 6108; Spahn v. Zoning Bd. of Adjustment, 977 A.2d 1132, 1143 (Pa. 2009).

they violate plaintiffs' Second Amendment rights,[2] and further upon consideration of the briefs in support of and in opposition to plaintiffs' motion, (see Docs. 8, 11, 12, 14), in which plaintiffs assert, *inter alia*, that "the deprivation of a constitutional right constitutes irreparable harm," (see Doc. 8 at 16 (citing, *inter alia*, K.A. *ex rel* Ayers v. Pocono Mountain Sch. Dist., 710 F.3d 99, 113 (3d Cir. 2013))), and in which Commissioner Paris counters, *inter alia*, that plaintiffs have not demonstrated a likelihood of suffering irreparable harm because, regardless of the enforcement of these provisions, plaintiffs "still may open carry," (see Doc. 12 at 21),[3] and, following a hearing on plaintiffs' motion on July 11, 2024, the court noting that a preliminary injunction is "an extraordinary and drastic remedy," see Mazurek v. Armstrong, 520

---

[2] The individual plaintiffs are 18-to-20-year-old residents of Pennsylvania who, because they are not yet 21 years old, cannot obtain firearms licenses under Section 6109 of the UFA. See 18 PA. CONS. STAT. § 6109(b). We recently assessed the constitutionality of several UFA provisions in Suarez v. Paris, No. 1:21-CV-710, Doc. 61 (M.D. Pa. July 24, 2024), and we incorporate our analysis by reference. Relevant here, in Suarez, we found Section 6106 to be facially unconstitutional insofar as it prohibits carry of any kind in a vehicle, and we enjoined Commissioner Paris from enforcing that prohibition *in toto*. See id. at Part IV.D; id., Doc. 62 (order). The court's disposition in Suarez moots plaintiffs' instant request for emergency relief.

Plaintiffs challenge Section 6106's constitutionality as applied to them insofar as it prohibits concealed carry without a license, see 18 PA. CONS. STAT. § 6106(a); see also Suarez, No. 1:21-CV-710, Doc. 61, at Part IV.C-D, as well as the constitutionality of Section 6108 both facially and as applied. (See Doc. 1 ¶¶ 87-100). In the alternative, they challenge the constitutionality of the age restriction enshrined in Section 6109(b). (See id. ¶¶ 101-16). Plaintiffs assert that they intend to engage in various acts for which they could be arrested and prosecuted under these provisions. (See id. ¶¶ 21-23; Docs. 1-3, 1-4, 1-5). Accordingly, they argue that enforcement of Sections 6106, 6108, and 6109 would violate their Second Amendment right "to carry operable firearms in public for all lawful purposes, including self-defense." (See Doc. 8 at 21).

[3] But see Suarez, No. 1:21-CV-710, Doc. 61, at 28 n.19.

U.S. 968, 972 (1997) (*per curiam*) (citation omitted), the availability of which depends upon a consideration of (1) the movant's likelihood of success on the merits; (2) the risk of irreparable injury absent preliminary relief; (3) the balance of equities; and (4) the public interest, see Winter v. NRDC, 555 U.S. 7, 33 (2008); see also Nken v. Holder, 556 U.S. 418, 435 (2009) (when government is opposing party, consideration of third and fourth factors "merge"), and further noting that "any one factor may give a district court reason enough to exercise its sound discretion by denying an injunction," Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec., No. 23-1633, ___ F.4th ___, 2024 WL 3406290, at *6 (3d Cir. July 15, 2024) ("DSSA") (citing Reilly v. City of Harrisburg, 858 F.3d 173, 177-79 (3d Cir. 2017)), and the court observing that our court of appeals recently rejected arguments nearly identical to those advanced by plaintiffs regarding the risk of irreparable injury in the Second Amendment context;[4] reaffirmed the principle that

---

[4] Plaintiffs contend that, apart from the First Amendment, our court of appeals has also recognized that potential Fourth Amendment injuries may be irreparable. (See Doc. 8 at 17 (citing Lewis v. Kugler, 446 F.2d 1343, 1350 (3d Cir. 1971)). For that reason, they assert that "[r]ights under the Second Amendment should be treated no differently" from other rights. (See id. (citations omitted)). These arguments are unavailing in light of DSSA. There, our court of appeals clarified that the irreparable harm finding in Lewis stemmed not from the Fourth Amendment claims, but from the plaintiffs' assertion that their *First* Amendment rights would be chilled. See DSSA, 2024 WL 3406290, at *7 (citing Lewis, 446 F.2d at 1350 n.12). Indeed, the court stressed that "[u]nique First Amendment doctrines" warrant treating rights to speech and free exercise differently from other rights when analyzing the availability of preliminary injunctive relief. See id. (citations omitted); but see id. at *8 ("We do not hold that Second Amendment harms . . . cannot be irreparable.").

Plaintiffs suggest that DSSA "appears to be at odds with other precedent from the Third Circuit and may result in a request for reconsideration *en banc*."

3

"[c]onstitutional harm is not necessarily synonymous with . . . irreparable harm" where preliminary injunctive relief is concerned, see id. at *7 (quoting Hohe v. Casey, 868 F.2d 69, 73 (3d Cir. 1989)); highlighted that First Amendment cases constitute the lone exception to that rule based upon a well-established judicial presumption, see id. (citing, *inter alia*, Ayers, 710 F.3d at 113); and cautioned that the "paramount purpose" of preliminary injunctive relief is not preventing harm, but ensuring the court's ability to grant an effective remedy, see id. at *4 (citations omitted), and it appearing that neither a preliminary injunction nor a temporary restraining order is needed to "preserve the relative positions of the parties until a trial on the merits can be held" in this matter, see id. (quoting Starbucks Corp. v. McKinney, 144 S. Ct. 1570, 1576 (2024) (quoting Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981))), and it further appearing that none of the conduct described in plaintiffs' motion implicates "an urgent need for speedy action to protect" their rights, see id. at *8 (quoting Citibank, N.A. v. Citytrust, 756 F.2d 273, 276 (2d Cir. 1985)), given the widespread availability of open carry in Pennsylvania, see *supra* note 1; but see *supra* note 3,[5] and it also appearing that, even if plaintiffs had

---

(See Doc. 17 at 1). Their supposition aside, we are bound by the current state of the law as articulated by our court of appeals.

[5] Only Palmer specifically asserts an intent to visit Philadelphia. (See Doc. 1-4 ¶ 5). Because he is under the age of 21 and cannot obtain a license, the interplay of Section 6109(b) and Section 6108 would prohibit him from carrying a firearm in the Commonwealth's largest city. While the court recognizes that the confluence of these provisions creates an exception to the general rule of unlicensed open carry, that consideration does not alter our analysis. Setting aside the concerns we expressed in Suarez about the propriety of adjudicating the constitutionality of Section 6108 in this venue, see Suarez, No. 1:21-CV-710, Doc. 61, at Part III.A, we perceive nothing exceptional about the circumstances of planning

demonstrated irreparable harm, the balance of the equities and the public interest favor denying relief given the administrative challenges and potential safety concerns associated with granting emergency reprieves from a civil licensing scheme either to an entire class, see, e.g., Worth v. Jacobson, No. 21-CV-1348, 2023 WL 3052730, at *3-4 (D. Minn. Apr. 24, 2023) (staying relief pending appeal after granting summary judgment to 18-to-20-year-olds who challenged Minnesota's age restriction for permits requisite to both open and concealed carry), aff'd, No. 23-2248, ___ F.4th ___, 2024 WL 3419668, at *14 (8th Cir. 2024), or to members of that class on an individualized basis in light of idiosyncratic travel plans, and the court therefore concluding that plaintiffs have failed to demonstrate that they will suffer irreparable injury absent preliminary relief nor, in the alternative, that equity or the public interest warrant such an "extraordinary remedy" at this time, see DSSA, 2024 WL 3406290, at *3 (quoting Mallet & Co. v. Lacayo, 16 F.4th 364, 391 (3d Cir. 2021)), it is hereby ORDERED that:

1. Plaintiffs' motion (Doc. 2) for a preliminary injunction and temporary restraining order is DENIED as moot to the extent plaintiffs seek relief from the vehicle provision of Section 6106 of the UFA.  See Suarez, No. 1:21-CV-710, Doc. 61, at Part IV.D; Doc. 62 (order).

2. The motion (Doc. 2) is DENIED in all other respects.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

---

an occasional trip to tourist attractions located more than 100 miles away from Palmer's residence, (see Doc. 1-4 ¶ 5(c)(iii)-(iv)).  Whatever the merits of plaintiffs' various claims, we will not grant the "drastic remedy" they request on the artificially truncated record before us.  See DSSA, 2024 WL 3406290, at *9; see also id. at *2 ("Preliminary injunctions are not automatic.").