IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN,** *et al.* | : | |
| Plaintiffs | : | **Civil Action No. 1:24-cv-1015** |
| | : | |
| v. | : | |
| | : | |
| **COL. CHRISTOPHER PARIS,** | : | |
| Commissioner of Pennsylvania | : | Judge Christopher Conner |
| State Police | : | |
| Defendant | : | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY BRIEFING**

Pursuant to L.R. 7.6, Plaintiffs Taylor Brown, Shawn Palmer, Max Ness, and Second Amendment Foundation, by and through their attorney, Joshua Prince, Esq., and Civil Rights Defense Firm, P.C., hereby submit the following in opposition to Defendant's Motion to Stay Deadline and brief in support (Docs. 32, 33).

As way of background, on October 23, 2024, the Commissioner filed a motion seeking an additional 45 days (providing him with a total of 66 days) for his responsive brief (Doc. 31) to Plaintiffs' Motion for Summary Judgement (Doc. 27) and brief in support (Doc. 28). Although L.R. 7.6 provided Plaintiffs with 7

1

days after service to respond, the Court, *sua sponte*, on October 28, 2024 issued an Order (Doc. 31) granting Defendant's request without benefit of Plaintiffs' non-concurrence, because the Commissioner purposely delayed filing his motion until less than 7 days remained for Plaintiffs to respond and the undersigned was under numerous obligations from other courts, that precluded his drafting and filing of a response in under 5 days. In fact, the undersigned was drafting the Plaintiffs' response in opposition at the time the Court's Order issued.

And once again, the Commissioner purposely waits until literally the *last-minutes* – within 45 minutes of the close of business – before his brief is due, to now seek to stay the briefing.[1] This type of conduct cannot be countenanced and should be sanctioned by this Court. The Commissioner never requested discovery *at any point during the pendency of this matter*, including in his motion for extension of time. And in that motion (Doc. 30, ¶ 11), he explicitly stated that the request for an extension of time was "to prepare a fulsome brief in opposition," especially in light of the allegedly "complex and fast-changing" caselaw. However, based on his last-minute filing (Docs. 32, 33), it would appear that in violation of Professional Rule of Conduct 3.3, that was a false statement and that he never

---

[1] Due to the Court previously, *sua sponte*, granting the Commissioner's request in the absence of providing counsel an opportunity to respond, Plaintiffs have rushed to prepare and file this response, even though, in this matter, L.R. 7.6 would provide them with 14 days to prepare a thorough response.

2

intended to file his response today.[2] Moreover, the Commissioner ignored this Court's Order (Doc. 21, ¶ 10), that directs that discovery is to continue even in the event of a motion to dismiss. In relation to this matter, the Commissioner filed an answer on July 19, 2024 (Doc. 18) but *never* sought any discovery until his filing today, some almost five months later. And then there is the vexing issue for the Commissioner that he already stipulated (Doc. 13, ¶ 1) to the admission of the Declarations of the Plaintiffs and Sheriff Slupe (Docs. 2-3 through 2-7), which unequivocally establish standing to challenge the 18 Pa.C.S. §§ 6106, 6108, and 6109(b); leaving only the legal issue of the constitutionality of the laws, as this Court noted during the conference call on June 24, 2024. And in this vein, there is no basis for expert testimony, as neither the *Bruen* nor *Rahimi* analysis require or permit such, because to allow it, would improperly encroach on the judiciary's function of making legal determinations, as any expert opinion would only be offered to opine as to whether any challenged laws are "consistent with the

---

[2] While it is possible that counsel came to some conclusion that he believes discovery is necessary and appropriate during his review of the matter during the extension granted by the Court, the Commissioner's motion fails to address why – during his 66 days to prepare his response that he contended was necessary due to the complexities of the law and need to write a fulsome brief – he was unable to ascertain such sooner than the day before the deadline for filing of his brief, why he waited until almost close of business on the afternoon his brief was due to file the underlying motion and brief; thereby stripping Plaintiffs of an opportunity to analyze the filing and prepare a "fulsome brief in response," and how he had time sufficient to draft a motion and extensive, 17 page brief in support but not to alert the Court or Plaintiffs' counsel weeks, if not months, sooner. *See*, Docs. 32, 33.

3

Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 33-34 (2022).

Thus, there simply is no basis to further delay this matter, especially when further delay prejudices Plaintiffs. The Plaintiffs have been waiting since the filing of the underlying Complaint (Doc. 1) in June of 2024 to have their rights vindicated and judges in this District have issued final decisions in matters in less time, where constitutional rights are at play. *See e.g.*, *Camp Hill Republican Association, et al. v. Borough of Camp Hill, et al.*, 1:22-cv-01679 (M.D. Pa.), involving the constitutionality of a municipal sign law, which was initiated October 25, 2022 and a final judgment was filed on March 29, 2023. While in this matter, this Court denied Plaintiffs' preliminary injunction request, because, in part, of the grant of an injunction in *Suarez et al v. Paris*, No. 1:21-CV-710, Doc. 61 (M.D. Pa. July 24, 2024), this Court later stayed that decision (Doc. 81), leaving Plaintiffs in this matter with no protection from the draconian and unconstitutional transportation laws challenged in this matter. The Commissioner has had almost six months to seek discovery and elected not to at every opportunity, only to now request it in the last-minutes, as a delay tactic and with the hope, that like last time, Plaintiffs will not have time to respond, and that this Court will simply grant it because of the pending deadline. Reading the proverbial tea leaves as to the fate of the challenged laws, the Commissioner's tactic is delay, delay, delay and to use

this Court's prior grace to his advantage – and Plaintiffs' disadvantage – once again. And this is not the only matter in which the Commissioner has employed this course of conduct. Not even a month ago, the Third Circuit said no more to these types of delay tactics in denying his requests in *Lara, et al. v. Paris*, No. 21-1832, Docs. 99 and 102, to remand the matter to the district court for further proceedings and to amend the supplemental briefing schedule.

    For all these reasons, this Court, consistent with its prior Order (Doc. 31, ¶ 2) should deny the Commissioner's request and direct the Commissioner to file his brief no later than today, as originally ordered. The undersigned remains ready draft and file Plaintiffs' reply brief through the holiday season.

Dated: December 12, 2024

                                          Respectfully Submitted,

                                          */s/ Joshua Prince*

                                          Joshua Prince, Esq.
                                          Attorney Id. No. 306521
                                          CIVIL RIGHTS DEFENSE FIRM, P.C.
                                          646 Lenape Rd.
                                          Bechtelsville, PA 19505
                                          Telephone: (888) 202-9297 ext. 81114
                                          Fax: (610) 400-8439
                                          Joshua@CivilRightsDefenseFirm.com

                                          Attorney for Plaintiffs

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of December 2024, I caused to be served a true and correct copy of the foregoing on the following via the Court's ECF system:

Jacob Frasch
Deputy Attorney General
Pennsylvania Office of Attorney General
Civil Law Division, Litigation Section
15th Floor, Strawberry Square
Harrisburg, Pa 17120
jfrasch@attorneygeneral.gov

*/s/ Joshua Prince*
_____

Joshua Prince, Esq.
Joshua@Civilrightsdefensefirm.com
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 ext 81114
(610) 400-8439 (f)