

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF Attorney General

DAVID W. SUNDAY, JR.
ATTORNEY GENERAL

July 10, 2025

Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone 717-783-7560
jfrasch@attorneygeneral.gov

VIA ECF

Re:   *Taylor Brown v. Col. Christopher Paris*, No. 1:24-cv-1015 (M.D. Pa.)

Judge Munley:

I represent Defendant Paris in the above-referenced action, and write in response to Plaintiffs' July 3, 2025 "Status Report." ECF No. 41.

At the outset, I note that, while this Court never held a Case Management Conference or issued a Case Management Order, the parties have proceeded to comply with the deadlines set out in their Joint Case Management Plan ("JCMP"), ECF No. 38. Among other things, the Defendant served written discovery requests on, and deposed, all Plaintiffs by the May 7, 2025 discovery deadline set out in the JCMP. Defendant also served his expert's report by the June 4, 2025 deadline set out in the JCMP. Defendant intends to supplement that expert report by the July 16, 2025 deadline set out in the JCMP, and to file a dispositive motion by the August 6, 2025 deadline set out in the JCMP.

I next note that that, while Plaintiffs have consistently asserted that the Third Circuit's decision in *Lara v. Commissioner, Pennsylvania State Police*, No. 21-1832 (3d Cir.), will be dispositive of this entire case, Plaintiffs are mistaken, for three different reasons.

*First*, the Supreme Court has instructed that courts must "decide [Second Amendment] case[s] based on the historical record ***compiled by the parties***." *New*

York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 25 n.6 (2022) (emphasis added). Thus the Third Circuit's conclusion that the *Lara* defendant did not "carry [his] **burden**" of identifying relevant "historical **evidence**," *id.* at 24 (emphasis added), says nothing about whether Defendant in this case can carry that burden—especially since Defendant in this case intends to present fulsome expert testimony that was not presented in *Lara*.

*Second*, to the extent *Lara* **is** controlling—or even relevant—Plaintiffs themselves recognize that the *Lara* defendant has petitioned the Untied State Supreme Court for certiorari. *See* Ex. 1. Yes, the Supreme Court only grants a small number of certiorari petitions each year. But the Supreme Court's recent decisions demonstrate its active interest in this area of constitutional law. More importantly, *Lara* deepened a circuit split regarding the Second Amendment rights of 18-to-20 year olds. *See id.* at 11–20. So there is a greatly increased likelihood of Supreme Court review.[1]

*Third*, and finally, while *Lara* also dealt with 18-to-20-year-old plaintiffs, there are important distinctions between that case and this one. The law challenged in *Lara* "effectively ban[ned] 18-to-20-year-olds from carrying firearms outside their homes" due to ongoing states of emergency. *Lara v. Comm'r Pennsylvania State Police*, 125 F.4th 428, 431 (3d Cir. 2025). The laws challenged here only prohibit 18-to-20-year-olds from carrying a **concealed** firearm; from carrying a firearm in their **vehicle** in certain circumstances; and from carrying a firearm in **Philadelphia** in certain circumstances. *See* 18 Pa. C.S. §§ 6106, 6108, 6109. As will be explained further in connection with Defendants' upcoming dispositive motion, such narrower and more targeted regulations are "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17.

Sincerely,

*/s/Jacob Frasch*
JACOB FRASCH
Deputy Attorney General

---

[1] Indeed, the organizational Plaintiff in this case recently filed an amicus brief in support of a cert petition asking the Supreme Court to take up this very issue. *See* Exs. 2 & 3.