# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN**, *et al.* | : | |
| Plaintiffs | : | **Civil Action No. 1:24-cv-1015** |
| | : | |
| v. | : | |
| | : | |
| **COL. CHRISTOPHER PARIS,** | : | |
| Commissioner of Pennsylvania | : | Judge Christopher Conner |
| State Police | : | |
| Defendant | : | |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs respectfully submit this Notice of Supplemental Authority in support of their pending motion for summary judgment regarding the Third Circuit Court of Appeals' decision in *Koons v. Att'y Gen. New Jersey*, No. 23-1900, 2025 WL 2612055, at *1 (3d Cir. Sept. 10, 2025), as amended (Sept. 17, 2025).

Specifically, *inter alia*, plaintiffs in *Koons* challenged Section 2C:58-4.6(b)(1) of New Jersey's Public Law 2022, which "prohibits non-exempt individuals from carrying or transporting a firearm 'while in a vehicle in New Jersey, unless the handgun is unloaded and contained in a closed and securely fastened case, gunbox, or locked unloaded in the trunk of the vehicle.'" 2025 WL 2612055, at *39. After finding that "[t]he text of the Second Amendment reaches Plaintiffs' proposed course of conduct, namely, carrying handguns in vehicles for self-defense," the Third Circuit, in agreeing with the district court's grant of a preliminary injunction, declared that "[b]ecause § 2C:58-4.6(b)(1)'s requirement as to private vehicles contradicts our Nation's history and tradition, Plaintiffs are likely to succeed on the

merits of their challenge to that particular restriction." *Id*. Thereafter, the Court declared that this restriction "not only violate[s] Plaintiffs' Second Amendment rights but also raise the specter of irreparable harm [because precluding] firearms in private vehicles and on private property not only impinges the right to carry, but also deprives licensees of that measure of self-defense." *Id.*, at *42

As Plaintiffs have argued throughout their prior motion for a temporary restraining order and preliminary Injunction (Doc. 2), and more recently, their Memorandum of Law in Support of their Motion for Summary Judgment—virtually identical to the restrictions of Section 2C:58-4.6(b)(1)—18 Pa.C.S. § 6106 generally precludes any person, in the absence of a license to carry firearms ("LTCF"), from carrying or transporting firearms for purposes of self-defense in a vehicle, and 18 Pa.C.S. § 6109 precludes the Plaintiffs—merely because they are between the age of 18-to-20-years-old—from being eligible to procure an LTCF; thereby, barring Plaintiffs from carrying firearms in a vehicle for purposes of self-defense in direct defiance of the Second Amendment and the *Koons* decision. *See generally*, Doc. 28, pgs. 4-9, 15-20.

As Plaintiffs' right to keep and bear arms is being infringed every day these laws continue to be enforced, resulting in irreparable harm to the Plaintiffs, beyond notifying this Court of the binding precedent, Plaintiffs respectfully ask this Court to consider expediting a decision on this matter or, in the alternative, reconsidering the denial of their motion for a preliminary injunction, given this new binding precedent.

Dated: September 3, 2025              Respectfully Submitted,

/s/ Joshua Prince

Joshua Prince, Esq.
PA Bar No. 306521
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Joshua@Civilrightsdefensefirm.com
(888) 202-9297 ext 81114
(610) 400-8439 (f)

**CERTIFICATE OF SERVICE**

On September 3, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Middle District of Pennsylvania, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    /s/ Joshua Prince
    Joshua Prince, Esq.
    Attorney for Plaintiffs