# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TAYLOR BROWN; SHAWN PALMER; :     No. 1:24cv1015
MAX NESS; and SECOND           :
AMENDMENT FOUNDATION,      :     (Judge Munley)
         **Plaintiffs**          :
                                :
        v.                    :
                                :
LIEUTENANT COLONEL GEORGE L.   :
BIVENS, Acting Commissioner of the :
Pennsylvania State Police,[1]       :
         **Defendant**        :

## MEMORANDUM ORDER

Before the court is Defendant Lieutenant Colonel George L. Bivens's motion to extend the deadlines for: (1) filing his dispositive motion and supporting brief; and (2) submitting his brief in opposition to plaintiffs' motion for summary judgment.[2] (Doc. 45 at 1).

By way of brief background, plaintiffs commenced this action by filing a complaint on June 20, 2024. (Doc. 1.). The complaint challenges several provisions of Pennsylvania law under the Second Amendment to the United

---

[1] Lieutenant Colonel George L. Bivens has been substituted as party defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure upon the retirement of Colonel Christopher L. Paris.

[2] Although defendant styles the request as one for an extension of deadlines, the relief sought operates, in effect, as a stay of proceedings.

State Constitution. (Id.)  Specifically, plaintiffs challenge statutes, that, subject to certain exceptions, restrict 18-to-20-year-olds from: 1) carrying firearms in vehicles; 2) carrying concealed firearms; 3) and carrying firearms on public streets or public property in Philadelphia. See 18 PA. CONS. STAT. §§ 6106, 6108, and 6109.[3]

On October 10, 2024, plaintiffs moved for summary judgment. (Doc. 27). At that time, the Court of Appeals for the Third Circuit was considering a related challenge to Pennsylvania statutory provisions restricting firearm possession by 18-to-20-year-olds during a state of emergency. See Lara v. Comm'r Pennsylvania State Police, 125 F.4th 428 (3d Cir. 2025).   In light of that pending appeal, this court stayed briefing on plaintiffs' motion on December 17, 2024 concluding that judicial economy favored awaiting further guidance. (Doc. 35).

---

[3] Previously, the court denied plaintiffs' request for preliminary injunctive relief, concluding that the conduct described in the motion did not present an urgent need for immediate relief. (Doc. 20 at 4).  Plaintiffs thereafter appealed to the Third Circuit Court of Appeals. (Doc. 22).  The Third Circuit denied plaintiffs' motion to expedite that appeal and granted defendant's motion to hold the appeals C.A.V. pending its decision in Koons v. Attorney General, Nos. 23-1900 & 23-2043. (Doc. 45-1, Ex. 1. at ECF p. 3).

On September 10, 2025, the Third Circuit issued a decision in Koons. Koons v. Att'y Gen. New Jersey, 156 F.4th 210 (3d Cir.), as amended (Sept. 17, 2025), reh'g en banc granted, opinion vacated, 162 F.4th 100 (3d Cir. 2025). Then, on December 11, 2025, the Court of Appeals granted rehearing en banc, vacated its decision and the judgment entered on September 10, 2025, and listed the case for rehearing en banc. Koons v. Att'y Gen. New Jersey, 162 F.4th 100, 101 (3d Cir. 2025).  To date, the Third Circuit has not issued a decision.

On January 13, 2025, the Third Circuit issued its decision in <u>Lara</u>, holding, *inter alia*, that "18-to-20-year-olds are . . . presumptively among 'the people' to whom Second Amendment rights extend." 125 F.4th at 438.  That decision has contributed to an existing split on the scope of Second Amendment protections for this age group.[4]

The defendant in <u>Lara</u> has since petitioned the United States Supreme Court for certiorari.[5] <u>See</u> <u>Paris v. Second Amendment Foundation, et al.</u>, No. 24-1329 (U.S., petition filed June 26, 2025).  That petition remains pending.[6]

Given the substantial overlap between the issues presented here and those before the Supreme Court, Defendant Bivens seeks to extend the relevant deadlines until after the Supreme Court resolves the pending petitions in <u>Paris v.</u>

---

[4] <u>See</u> <u>Rocky Mountain Gun Owners v. Polis</u>, 121 F.4th 96 (10th Cir. 2024) (upholding a prohibition on the purchase of firearms by 18-to-20-year-old individuals); <u>Worth v. Jacobson</u>, 108 F.4th 677 (8th Cir. 2024), <u>cert. denied,</u> 145 S. Ct. 1924, 221 L. Ed. 2d 664 (2025) (striking down certain restrictions on the carrying of firearms by 18-to-20-year-olds); <u>Nat'l Rifle Ass'n v. Bondi</u>, 133 F.4th 1108 (11th Cir. 2025) (upholding a prohibition on the sale of firearms to individuals aged 18 to 20); <u>McCoy v. Bureau of Alcohol, Tobacco, Firearms & Explosives</u>, 140 F.4th 568 (4th Cir. 2025) (same); <u>Brown v. Bureau of Alcohol, Tobacco, Firearms & Explosives</u>, No. 23-2275, 2025 WL 1704429, at *1 (4th Cir. June 18, 2025) (same); <u>Reese v. Bureau of Alcohol, Tobacco, Firearms, & Explosives</u>, 127 F.4th 583 (5th Cir. 2025) (invalidating such prohibition).

[5] The same is true of the losing parties in the Fourth Circuit and Eleventh Circuit matters. <u>See</u> <u>Nat'l Rifle Ass'n v. Glass</u>, No. 24-1185 (U.S., petition filed May 16, 2025); <u>McCoy v. Bureau of Alcohol, Tobacco, Firearms, and Explosives</u>, No. 25-24 (U.S., petition filed July 3, 2025).

[6] <u>Paris v. Second Amendment Foundation, et al.</u>, No. 24-1329 (U.S.), was distributed for conference on November 14, 2025.  Likewise, <u>Nat'l Rifle Ass'n, Inc. v. Glass</u>, No. 24-1185 (U.S); <u>McCoy v. Bureau of Alcohol, Tobacco, Firearms, and Explosives</u>, No. 25-24 (U.S.), and <u>West Virginia Citizens Defense League, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, et al.</u>, No. 25-132 (U.S), were distributed for conference on November 14, 2025.

Second Amendment Foundation, et al., No. 24-1329 (U.S.); Nat'l Rifle Ass'n v. Glass, No. 24-1185 (U.S.); and McCoy v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, No. 25-24 (U.S.).  The court agrees that such relief is warranted.

District Courts possess a broad discretion with regard to matters of case management. Drippe v. Tobelinski, 604 F.3d 778, 783 (3d Cir. 2010). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936).  "Central to this power is a court's ability to 'hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.' " Resco Prods., Inc. v. Bosai Mins. Grp. Co., No. CIV.A. 06-235, 2010 WL 2331069, at *4 (W.D. Pa. June 4, 2010) (quoting Bechtel Corp. v. Loc. 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976)).

Courts in this circuit commonly consider weighing four factors when evaluating a stay. Duchene v. Westlake Servs., LLC, No. 2:13-CV-01577, 2015 WL 5947669, at *2 (W.D. Pa. Oct. 13, 2015) (citation omitted). These factors include: "(1) the length of the requested stay; (2) the hardship that the moving party would face if the stay were not granted; (3) the injury that a stay would cause to the non-movant; and (4) whether granting a stay would streamline the proceedings by simplifying issues and promoting judicial economy." Id.

4

Each factor weighs in favor of a stay here.  First, defendant seeks only a temporary stay pending the Supreme Court's disposition of the certiorari petitions.  Second, absent a stay, defendant would be required to litigate dispositive issues under a legal framework that may soon be altered.  Third, plaintiffs have not demonstrated that a brief delay would cause undue prejudice.  Finally, the Supreme Court's forthcoming decision may materially clarify, or even resolve, the central legal questions in this case, thereby conserving the resources on both the court and the parties.[7]

The Honorable Stephanie L. Haines in the Western District of Pennsylvania has reached a similar conclusion under comparable circumstances. Young v. Ott, Civ. No. 3:24-cv-274.[8]

With respect to case management, the parties previously submitted a joint case management plan, and discovery appears to be substantially complete. [9] At this juncture, however, proceeding further would risk unnecessary expenditure

---

[7] The court emphasizes that it expresses no view at this time on the effect that Lara may have on the ultimate disposition of plaintiffs' claims.

[8] That case involves a challenge to Pennsylvania laws that restrict the ability of 18-to-20-year-olds to carry firearms in Pennsylvania.

Unlike the parties here, the parties in Young agreed to stay the applicable deadlines. Civ. No. 3:24-cv-274, Doc. 73.  Nonetheless, the court conducted an independent analysis and concluded that a stay pending resolution of the petition for a writ of certiorari in Paris v. Second Amendment Foundation, et al., No. 24-1329 (U.S.) was warranted. Id. at Doc. 74.

[9] The court conducted a case management conference on August 5, 2025.  However, considering the pending motion, the court did not issue a case management order.

of resources in a rapidly evolving legal landscape.  Accordingly, the court will permit the parties, upon request,  to supplement their submissions and will grant reasonable extensions as necessary.

**AND NOW**, to wit, this ____ day of April 2026, it is hereby **ORDERED** that:

1) Defendant's motion for extension of time, (Doc. 45), is **GRANTED**;

2) All deadlines in this case are **STAYED** pending resolution of the petitions for a writ of certiorari in <u>Paris v. Second Amendment Foundation, et al.</u>, No. 24-1329 (U.S.); <u>Nat'l Rifle Ass'n v. Glass</u>, No. 24-1185 (U.S.); and <u>McCoy v. Bureau of Alcohol, Tobacco, Firearms, and Explosives</u>, No. 25-24 (U.S.).

3) The parties shall provide the court with a joint status report every 30 days; and

4) The Clerk of Court shall **TERMINATE** plaintiffs' pending motion, (Doc. 27), such that it is removed from the docket for statistical purposes.[10]

**JUDGE JULIA K. MUNLEY**
**United States District Court**

---

[10] The court will address plaintiffs' motion, (Doc. 27), as appropriate, upon the lifting of the stay in this matter.

6