**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAYLOR BROWN,** *et al.* | : | |
| Plaintiffs | : | **Civil Action No.  1:24-cv-1015** |
| **v.** | : | |
| | : | |
| **LIEUTENANT COL. GEORGE** | : | |
| **BIVENS**, Acting Commissioner | : | Judge Julia Munley |
| of the Pennsylvania State Police | : | |
| Defendant | : | |

**PLAINTIFFS' STATUS REPORT**

Plaintiffs Taylor Brown, Shawn Palmer, Max Ness, and Second Amendment Foundation, by and through their undersigned counsel, hereby provide the Court with the following notice:

1. This matter has been pending since Plaintiffs filed their Complaint on June 20, 2024 (Doc. 1).

2. All deadlines in this matter were stayed pending resolution of the petitions for writ of certiorari in *Paris v. Second Amendment Foundation, et al.*, No. 24-1329 (U.S.); *Nat'l Rifle Ass'n v. Glass*, No. 24-1185 (U.S.); and *McCoy v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 25-24 (U.S.).

3. On June 30, 2026, the United States Supreme Court DENIED the Petitions for Certiorari in all three of the aforementioned cases. Order List, 609 U.S.

_____ (Tuesday, June 30, 2026)(appended hereto).

4. On October 7, 2024, Plaintiffs filed their Motion for Summary Judgment (Doc. 27) and Memorandum of Law in Support (Doc. 28).

5. Defendant thrice sought stays or extensions for his responsive briefing on the eve of his deadlines (Doc. 30, Doc. 32, Doc. 45), each of which this Court granted over Plaintiffs' objections.

6. Plaintiffs respectfully request that this Court lift the stay imposed by its April 22, 2026 Memorandum Order (Doc 51.) and decide Plaintiffs' Motion for Summary Judgment without further delay.

Date: June 30, 2026

Respectfully Submitted,

_____*/s/ Dillon Harris*_____
Dillon Harris, Esq.
Attorney Id. No. 329266
DHarris@Civilrightsdefensefirm.com
Civil Rights Defense Firm, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803

*Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of Plaintiffs'

Status Report was filed electronically through the Middle District of Pennsylvania

Electronic Filing System. Notice of this filing will be sent by operation of the

Court's Electronic Filing System to all registered users in this case.


_____*/s/ Dillon Harris*_____
Dillon Harris, Esq.

(ORDER LIST: 609 U.S.)


TUESDAY, JUNE 30, 2026


CERTIORARI -- SUMMARY DISPOSITIONS

24-449      PETERSEN, WARREN, ET AL. V. DOE, JANE, ET AL.

The motion of Independent Council on Women's Sports, et al. for leave to file a brief as *amici curiae* out of time is denied. The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of *West Virginia* v. *B. P. J.*, 609 U. S. ___ (2026).

24-1097     MONSANTO CO. V. SALAS, NANCY C.

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of *Monsanto* v. *Durnell*, 609 U. S. ___ (2026).

24-1098     MONSANTO CO. V. JOHNSON, LARRY, ET AL.

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the Court of Appeals of Oregon for further consideration in light of *Monsanto* v. *Durnell*, 609 U. S. ___ (2026).

25-484      WELLS, AARON R. V. TEXAS

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the Court of Criminal Appeals of Texas for further consideration in light of *Chatrie* v. *United States*, 609 U. S. ___ (2026).


1

25-1042     MONSANTO CO. V. ANDERSON, DANIEL, ET AL.

The petition for a writ of certiorari is granted.  The judgment is vacated, and the case is remanded to the Court of Appeals of Missouri, Western District for further consideration in light of *Monsanto* v. *Durnell*, 609 U. S. ___ (2026).

25-5189     DAVIS, JOHNNIE L. V. UNITED STATES

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of *Chatrie* v. *United States*, 609 U. S. ___ (2026).

25-6124     LUNG'AHO, MUJERA B. V. UNITED STATES

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the United States Court of Appeals for the Eighth Circuit for further consideration in light of *Landor* v. *Louisiana Dept. of Corrections and Public Safety*, 609 U. S. ___ (2026).

## ORDERS IN PENDING CASES

25A478      BLANCHE, TODD, ET AL. V. PERLMUTTER, SHIRA

The application for stay is denied.  The denial of the application is not a ruling on the merits of the legal issues presented in the litigation.

25A952      MULLIN, SEC., DHS, ET AL. V. DOE, DAHLIA, ET AL.

25A999      TRUMP, PRESIDENT OF U.S., ET AL. V. MIOT, FRITZ E. L., ET AL.

The applications for stay are denied as moot.

25-442          ROYBAL, SHERIFF, ET AL. V. GRIFFITH, DARLENE

         The Solicitor General is invited to file a brief in this case expressing the views of the United States.

### CERTIORARI GRANTED

25-238    )    VIRAMONTES, CUTBERTO, ET AL. V. COOK COUNTY, IL, ET AL.
          )
25-566    )    GRANT, EDDIE, ET AL. V. HIGGINS, RONNELL, ET AL.

         The petitions for writs of certiorari are granted as to the question presented by the petition in No. 25-238.  The cases are consolidated, and a total of one hour is allotted for oral argument.

25-965          GRAND, DANIEL V. UNIVERSITY HEIGHTS, OH, ET AL.

         The petition for a writ of certiorari is granted.

25-1311         APPLE INC. V. EPIC GAMES, INC.

         The petition for a writ of certiorari is granted limited to Question 1 presented by the petition.

### CERTIORARI DENIED

24-229          TRIPATHY, SANJAY V. McKOY, JEFF, ET AL.

24-1185         NRA, INC. V. GLASS, MARK

24-1329         BIVENS, GEORGE V. SECOND AMDT. FOUND., ET AL.

25-24           McCOY, JOSHUA C., ET AL. V. BUREAU OF ALCOHOL, ET AL.

25-364          TRUMP, PRESIDENT OF U.S., ET AL. V. WASHINGTON, ET AL.

25-899          TRUMP, PRESIDENT OF U.S., ET AL. V. DOE, O., ET AL.

25-1110         HARRIS, CATHY A. V. BESSENT, SCOTT, ET AL.

25-5639         ALI, FATHIREE U. V. ADAMSON, CHAPLAIN, ET AL.

25-5713         LEYTON PICON, EMANUEL V. UNITED STATES

         The petitions for writs of certiorari are denied.

25-132        WV CITIZENS DEFENSE LEAGUE V. BUREAU OF ALCOHOL, ET AL.

          The petition for a writ of certiorari is denied.  Justice

Thomas would grant the petition for a writ of certiorari.

25-1047       TRIUMPH FOODS, LLC, ET AL. V. CAMPBELL, ATT'Y GEN. MA, ET AL.

          The petition for a writ of certiorari is denied.  Justice

Alito and Justice Kavanaugh would grant the petition for a writ

of certiorari.

25-6136       JONES, DAMIEN A. V. UNITED STATES

          The petition for a writ of certiorari is denied.  Justice

Sotomayor, concurring:  I concur in the denial of certiorari for

the reasons given in *Jones* v. *United States*, 609 U. S. ___

(2026) (statement of Sotomayor, J.).

4

Cite as: 609 U. S. \_\_\_\_ (2026)            1

Statement of SOTOMAYOR, J.

# SUPREME COURT OF THE UNITED STATES

## CEDRIC RAY JONES *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 25–524.    Decided June 30, 2026

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR respecting the denial
of certiorari.

I concur in the Court's decision not to grant, vacate, and
remand this case in light of *Hunter* v. *United States*, 608
U. S. \_\_\_ (2026). *Hunter* addressed the enforceability of ap-
peal waivers specifically "in the sentencing context," *id.*, at
\_\_\_ (slip op., at 1), whereas this petition concerns when a
collateral-review waiver is enforceable against a challenge
to a defendant's conviction. I write, however, to encourage
lower courts to consider carefully the import of *Hunter*'s
reasoning when deciding whether to enforce a collateral-re-
view or appeal waiver against a defendant who is challeng-
ing the validity of his conviction.

*Hunter*'s reasoning is simple. It starts with the recogni-
tion that the judiciary plays a "special, and indeed pivotal,
role . . . in approving and implementing appeal waivers":
District courts must "accept the plea agreement, including
any appeal waiver," and circuit courts must "decid[e] to en-
force it." *Id.*, at \_\_\_–\_\_\_ (slip op., at 8–9). "Because that is
so, the standard for enforcing appeal waivers implicates the
interests not only of the agreement's parties, but also of the
judiciary." *Id.*, at \_\_\_ (slip op., at 9). Therefore, "an appeal
waiver is unenforceable," and may be set aside in a given
case, "if the sentence is marred by the kind of egregious er-
ror that would bring the judicial system into disrepute," *i.e.*,
if enforcing it "would result in a miscarriage of justice." *Id.*,
at \_\_\_ (slip op., at 11). *Hunter* held that the error "must be

obvious" and "of the type that would undermine public confidence in the judiciary." *Ibid.* Although these errors are "rare," *Hunter* explained, the "possibility of correction helps keep them so, and thus safeguards that system's integrity." *Id.*, at ___ (slip op., at 13).

*Hunter*'s reasoning could well apply to appeal and collateral-review waivers when a defendant seeks to challenge his conviction itself. This case presents a useful illustration. Here, petitioner Cedric Ray Jones was charged in 2015 with, among other crimes, brandishing a firearm in furtherance of a "crime of violence" in violation of 18 U. S. C. §924(c)(1)(A)(ii). Jones signed an agreement to plead guilty to the §924(c) count, and that agreement contained a provision "'waiv[ing] his rights . . . to appeal from his convictions and sentences'" and "'further waiv[ing] his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U. S. C. §2241 and 28 U. S. C. §2255.'" 134 F. 4th 831, 834 (CA5 2025). The District Court approved the plea agreement, and the accompanying waiver, and sentenced Jones to nearly 48 years' imprisonment, which included a 7-year consecutive sentence for the §924(c) charge.

In 2018, Jones filed a motion to vacate his conviction under 28 U. S. C. §2255, arguing that his §924(c) conviction is constitutionally invalid because that statute's "residual clause," under which he had been convicted, is unconstitutionally vague. While that motion was pending, this Court decided *United States* v. *Davis*, 588 U. S. 445 (2019), which held §924(c)'s residual clause unconstitutionally vague, thereby agreeing with Jones on precisely this issue. Despite *Davis*, the Government opposed granting Jones relief, arguing that the collateral-review waiver in Jones's plea agreement forever waived his right to challenge the constitutionality of his conviction. The District Court agreed with the Government, enforced Jones's collateral-review waiver, and denied Jones's motion. The Fifth Circuit affirmed,

Statement of SOTOMAYOR, J.

explaining that its Circuit precedent "ha[d] recognized only two exceptions" to the enforceability of an appeal or collateral-review waiver ("'ineffective assistance of counsel'" and "'a sentence exceeding the statutory maximum'"), neither of which applied to Jones.  134 F. 4th, at 840.

Just like the enforcement of the appeal waiver in *Hunter*, here the District Court's enforcement of Jones's collateral-review waiver and the Fifth Circuit's decision to affirm that enforcement both appear to "implicat[e] the interests . . . of the judiciary" because those "courts are in the middle of, and partly responsible for," the "results" of that waiver. *Hunter*, 608 U. S., at ___ (slip op., at 9).  The end result here is that "Jones is currently serving a sentence for a crime" that "[a]ll agree" has been "held to be unconstitutional under Supreme Court precedent."  134 F. 4th, at 843 (Dennis, J., dissenting).  The decision to enforce Jones's collateral-review waiver thus might well be leaving "in place" an "egregious error" that "bring[s] the judicial system into disrepute." *Hunter*, 608 U. S. ___ (slip op., at 1).  In the future, when defendants challenge the constitutionality of their convictions, I encourage the Fifth Circuit and other courts to consider carefully whether to enforce a collateral-review or appeal waiver in light of the miscarriage-of-justice principles laid out in *Hunter*.