

COMMONWEALTH OF PENNSYLVANIA
## OFFICE OF ATTORNEY GENERAL

DAVID W. SUNDAY, JR.
ATTORNEY GENERAL

July 1, 2026

Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone 717-783-7560
jfrasch@attorneygeneral.gov

VIA ECF

Re:   *Taylor Brown v. Col. Christopher Paris*, No. 1:24-cv-1015 (M.D. Pa.)

Judge Munley:

I represent the Defendant in the above-referenced action, and write in response to Plaintiffs' June 30, 2026 Status Report, ECF No. 54, and this Court's July 1, 2026 Order lifting the stay in this matter, ECF No. 55. Specifically, I write to request that the Court reinstate the stay until the Third Circuit resolves the pending appeals in *Suarez v. Commissioner, Pennsylvania State Police*, Nos. 24-2395, 24-2436, and 24-2602 (3d Cir.).[1]

Plaintiffs challenge provisions of Pennsylvania law that largely prohibit 18-to-20-year-olds from carrying a concealed firearm, carrying a firearm in a vehicle, or carrying a firearm on public streets and property in Philadelphia. Specifically, they challenge 18 Pa. C.S. § 6106, which states that an individual may not carry a concealed firearm or a firearm in a vehicle without a license; 18 Pa. C.S. § 6108, which states that an individual may not carry a firearm on public streets or property in Philadelphia without a license; and 18 Pa. C.S. § 6109, which states that an

---

[1]   The Court issued its order lifting the stay only a few minutes before Defendant was preparing to file this letter. Defendant will, if the Court requests, file a formal motion to stay.

individual may not obtain the just-mentioned license unless they are at least 21 years old.

As this Court is undoubtedly aware, there are other pending cases challenging Pennsylvania's firearms-licensing laws. One of these is *Suarez*. 741 F. Supp. 3d 237 (M.D. Pa. 2024). In that case, individuals unable to obtain a firearms license under Section 6109 challenged, *inter alia*, Section 6106's ban on unlicensed concealed carry and unlicensed vehicle carry. When resolving cross-motions for summary judgment, the Court upheld the concealed-carry ban but struck down the vehicle-carry ban. More specifically, the Court upheld the concealed-carry ban because Pennsylvania allows unlicensed open carry; there was a "historical consensus that states allowing open carry could eliminate concealed carry *in toto*[,]" *id.* at 257; and thus "it necessarily follows" that Pennsylvania's partial (i.e., applicable only to those who cannot obtain a license) ban on concealed carry is constitutional, *id.* at 258. But the Court struck down the vehicle-carry ban because "an individual may lawfully bear a firearm in a public place," and "commonsense dictates that the [Second Amendment]'s protections cannot simply evaporate whenever a vehicle is required to travel" from home to that public place. *Id.* at 258.

Admittedly, the *Suarez* plaintiffs were unable to obtain a license because they were convicted of certain crimes, not because they were under 21. *See id.* at 244. But resolution of *Suarez* will likely resolve some—if not all—of Plaintiffs' claims in this matter. Regarding concealed-carry, if the Third Circuit agrees that the availability of open carry allows Pennsylvania to limit concealed carry entirely, then Plaintiffs' challenge to the concealed-carry ban will necessarily fail. Regarding vehicle-carry, if the Third Circuit agrees that there are "no set of circumstances under which [that ban] would be valid," *id.* at 261, then Plaintiff's challenge to the vehicle-carry ban will necessarily prevail.[2]

---

[2]  To be clear, Defendant does not concede—and in fact vigorously disputes—*Suarez*'s holding regarding the vehicle-carry ban. Specifically, Defendant maintains that banning the possession of firearms in vehicles does not violate the Second Amendment.

Further, but as an aside, *Suarez* itself noted that there was a "history and tradition of regulating the possession of firearms by individuals convicted of certain crimes," and upheld Pennsylvania's ban on issuing firearms licenses to such individuals. *See* 741 F. Supp. 3d. at 264–65. Based on *Suarez*'s own logic, then, Pennsylvania may at least prohibit convicts from carrying firearms in vehicles. Thus

That would leave only Plaintiffs' challenge to the Philadelphia-carry ban. But it is unclear whether this Court should—or even can—resolve a challenge to that ban. As *Suarez* itself recognized, the "[l]ocal interests of Philadelphia in the viability [of that ban] are manifold," and thus "the most appropriate course of action" when the Middle District is presented with a challenge to that ban "is severance and transfer" of the challenge to the Eastern District. *Id.* at 248. The *Suarez* plaintiffs appealed the court's transfer of the matter to the Eastern District. Thus there is yet an additional reason to continue the stay of this matter until the *Suarez* appeal is resolved—namely, clarification on the appropriate venue for a challenge to the Philadelphia-carry ban.[3]

A continued stay of this matter, therefore, is warranted—and, in fact, the Third Circuit has already suggested as much. Earlier in this litigation, the Court denied Plaintiffs' request for preliminary injunctive relief. *See* ECF No. 20. Plaintiffs appealed that denial. ECF No. 22; *see Brown v. Commissioner of Pennsylvania State Police*, No. 24–2591 (3d Cir.). The Third Circuit subsequently consolidated that appeal with the three pending appeals in *Suarez*, and "encouraged" the parties to "consult with one another regarding the contents of their briefs as the Court disfavors **repetitive** briefs." *See* Ex. A (Sept. 10, 2024 Order) (emphasis). In other words, the Third Circuit has already identified the comprehensive overlap of issues between this matter and *Suarez*.

---

*Suarez*'s conclusion—that there are "**no set of circumstances** under which [the vehicle-carry ban] would be valid," *id.* 261—is flawed.

[3]  It is also worth noting that Plaintiffs may lack standing to challenge the Philadelphia-carry ban—and, in fact, to continue this litigation in any form. Two of the named Plaintiffs (Taylor Brown and Shawn Palmer), as well as the two unidentified members of the SAF on whose behalf SAF has standing to bring this lawsuit, have now attained the age of 21, rending all of their claims entirely moot. And the other named Plaintiff (Max Ness) will turn 21 early next week, meaning all of his claims will undoubtedly become moot before this Court rules on the merits of his challenges. The SAF may assert that it has additional age-appropriate members. But if it does, Defendant requests to opportunity to depose those individuals to, *inter alia*, probe any alleged "intent to carry firearms in Philadelphia," which intent is necessary to demonstrate that they "face [a] credible threat of prosecution" under the Philadelphia-carry provision. *Suarez*, 741 F. Supp. 3d at 246.

\*    \*    \*

There is a great overlap of issues between this matter and *Suarez*, and a great likelihood that the Third Circuit's ruling of *Suarez* will resolve many—if not all—of the claims in this matter. Thus "proceeding further would risk unnecessary expenditure of resources in a rapidly evolving legal landscape." ECF No. 51 at 5–6. This Court, then, should reinstate the stay of this matter until the Third Circuit resolves the three pending appeals in *Suarez*.

Sincerely,

*/s/Jacob Frasch*
JACOB FRASCH
Deputy Attorney General