IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAYLOR BROWN,** *et al.* | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| **v.** | : | Civil Action No. 1:24-cv-1015 |
| | : | |
| **LIEUTENANT COLONEL** | : | |
| **GEORGE BIVENS**, Acting | : | |
| Commissioner of the Pennsylvania | : | |
| State Police | : | |
| | : | |
| Defendant | : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST TO REINSTATE STAY

Pursuant to the Court's Order of July 13, 2026 (Doc. 58), Plaintiffs Taylor Brown, Shawn Palmer, Max Ness, and Second Amendment Foundation, by and through their attorney, Dillon Harris, Esq. and Civil Rights Defense Firm, P.C., hereby submit the following in opposition to Defendant's request to reinstate the stay (Doc. 56). At the outset, Plaintiffs note that Defendant's request was improperly made by letter, instead of motion, and did not include the necessary certifications and briefs required by L.R. 7.1 and 7.5.

By way of background, on June 20, 2024, Plaintiffs filed the underlying Complaint in this matter, followed by their Motion for Summary Judgement (Doc.

1

27) and Memorandum of Law in Support (Doc. 28) on October 7, 2024. Defendant's deadline to file a brief in opposition to Plaintiffs' Motion for Summary Judgement was October 28, 2024 and only days before the deadline, Commissioner Paris filed a motion for extension (Doc. 31) contending that he was "unable to prepare a fulsome brief in opposition to Plaintiff's Motion for Summary Judgment by that deadline" because his "counsel was assigned by the Attorney General's office as lead counsel in this case late last week" and was "still familiarizing himself with the record…and applicable substantive case law." Doc. 30, ¶ 11. Prior to Plaintiffs having time to finalize their response in opposition, as provided for by L.R. 7.6, the Court granted the extension through December 12, 2024.  Defendant then waited *until the day his response was due*, and filed for a stay of the deadline (Doc. 32), which, over Plaintiffs; strenuous objection, was granted (Doc. 35). Consistent with the Court's Order (Doc. 35), on January 6, 2025, the Parties filed the Joint Case Management Plan (Doc. 38). Thereafter, on January 20, 2025, Plaintiffs filed their Motion to Lift Stay (Doc. 39), followed by their brief in support (Doc. 40). The Court granted Plaintiffs' Motion to Lift the Stay on July 10 (Doc. 43). On August 1, Defendant filed a Motion to Extend (Doc. 45) their impending dispositive motion and briefing deadlines indefinitely pending the disposition of three petitions for certiorari to the U.S. Supreme Court, which this Court granted on April 22, 2026

2

(Doc. 51). Now, by letter request, the Commissioner files a request to stay this matter for the third time (Doc. 56).

**I.      Plaintiffs are indisputably entitled to the protection of the Second Amendment.**

"18-to-20-year-olds are, like other subsets of the American public, presumptively among 'the people' to whom Second Amendment rights extend." *Lara v. Comm'r Pennsylvania State Police*, 125 F.4th 428, 438 (3d. Cir. 2025). The U.S. Supreme Court having now denied certiorari in *Lara*, it is settled law in this circuit that individuals age 18-20 stand on equal footing to any other person among "the people" in relation to the rights protected by the Second Amendment. The continued delay of this matter sought by the Commissioner, only ensures that individuals in that age group are foreclosed from seeking judicial redress of the unconstitutional limitation of their rights.

It is telling that the relevant law has not changed since Defendant filed his first motion to stay this matter on December 12, 2024 (Doc. 32). By January 2024, the first panel in had *Lara* held 18-20-year-olds were among the people protected by the Second Amendment, and 18 Pa.C.S. § 6107 was unconstitutional as-applied to 18-20-year-olds. *Lara v. Comm'r Pennsylvania State Police*, 91 F.4th 122, 132 (3d. Cir. 2025)(certiorari granted, judgment vacated, and remanded on October 15, 2024, following *United States v. Rahimi*, 602 U.S. 680(2024))(same judgment and reasoning reached in *Lara v. Comm'r Pennsylvania State Police*, 125 F.4th 428, 438

(3d. Cir. January 13, 2025)). By July 2024, Judge Conner had held the 18 Pa.C.S. § 6107 and the vehicle carry provision of 18 Pa.C.S. § 6106(a) both facially unconstitutional in *Suarez et al. v. Col. Christopher Paris,* No. 1:21- cv-00710, 741 F.Supp. 3d 237 (M.D.Pa. 2024)(appeals pending Nos. 24-2395, 24-2436, & 24- 2602 (3d. Cir.)). By October 2024, both parties in *Suarez* had had lodged cross-appeals and the Third Circuit Court of Appeals had already ordered the appeals held C.A.V. pending its decision in *Koons v. Attorney General of New Jersey*, Nos. 23-1900 & 23-2043. *Suarez v. Comm'r Pennsylvania State Police*, Nos. 24-2395 (Doc. 23).

## II.     *Suarez* **does not warrant another stay of this matter.**

Plaintiffs do not dispute that there is some overlap between the issues in this matter and in *Suarez*, however, that overlap is insufficient to warrant a further stay of this matter that would permit ongoing constitutional disenfranchisement of the Plaintiffs. *Suarez* involves a challenge to the constitutionality of Pennsylvania's statutory scheme prohibiting individuals who had been convicted of certain criminal offenses from carrying firearms concealed (18 Pa.C.S. § 6106(a)(1)), transporting firearms in their vehicles (18 Pa.C.S. § 6106(a)(1)), carrying firearms during declared states of emergency (18 Pa.C.S. § 6107), carrying firearms in the City of Philadelphia (18 Pa.C.S. § 6108), and obtaining licenses to carry (18 Pa.C.S. § 6109(e)(1)(viii)).

4

The issues on appeal in *Suarez* are: 1) dismissal of the *Suarez* Plaintiffs' challenge to § 6108 for lack of standing; 2) the Court's finding that the vehicle carry provision of § 6106(a)(1) is facially unconstitutional, but concealed carry provision is constitutional both facially and as-applied; 3) the Court's finding that § 6107 is facially unconstitutional; 4) the Court's finding that § 6109(e)(1)(viii) is constitutional facially and as-applied. While the Third Circuit's decision on the second and third of the above issues may impact this matter, *Suarez* will not resolve the Plaintiffs' challenges to §§ 6108 or 6109(b) in this matter.

Further, in his first motion to stay this matter, filed after this Court's decision and the Third Circuit stay of *Suarez*, Defendant argued that "*Suarez*'s holding does not prevent this Court from reconsidering [section 6106's vehicle carry] prohibition[] constitutionality anew in this lawsuit if presented with new historical evidence." (Doc. 33, n.2). The Commissioner turns to *Suarez* now despite previously distinguishing it, only because the higher courts failed to do as he hoped in *Lara*, *Nat'l Rifle Ass'n v. Glass*, No. 24-1185 (U.S.), and *McCoy v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, No. 25-24 (U.S.), and he has run out of other options.

### III.  If this Court grants another stay, it should grant Plaintiffs a Preliminary Injunction.

At the inception of this matter, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2), seeking to enjoin the

Commissioner from enforcement of §§ 6106, 6108, and 6109. Plaintiffs thoroughly briefed the justifications supporting grant of the restraining order and injunction (Docs. 8, 11, 14). Almost two-years-ago exactly, on July 29, 2024, this Court denied the motion as to the vehicle provision of § 6106 on the basis that it was mooted by the finding of facial unconstitutionality in *Suarez*; and denied the remainder of the motion on the basis that the Plaintiffs had not shown a likelihood of irreparable harm or that public interest warranted the extraordinary remedy. (Doc.20).

Without restating the entire argument that formed the basis for that motion, there is little doubt that the Plaintiffs suffered irreparable injury in the two years since the denial of the injunction. It is well-accepted that the deprivation of a constitutional right constitutes irreparable harm. *See, e.g.*, *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 113 (3d Cir. 2013); *see also* 11A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948.1 (2d ed. 1995) ("When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."). The Third Circuit has recognized this rule in the context of a variety of constitutional rights. *See, e.g.*, *K.A. ex rel. Ayers*, 710 F.3d at 113. (First Amendment); *Lewis v. Kugler*, 446 F.2d 1343, 1350 (3d Cir. 1971) (Fourth Amendment). Rights under the Second Amendment should be treated no differently. *McDonald*, 561 U.S. at 780; *Ezell v. City of Chicago*, 651 F.3d 684, 700

(7th Cir. 2011). Plaintiffs Brown, Palmer, and Ness, and the similarly situated members of Second Amendment Foundation were deprived of their Second Amendment rights to carry and transport firearms in a myriad of circumstances despite the Third Circuit in *Lara* repeatedly affirming that they are among the people, while this case has remained trapped in amber.

As *Lara* has now settled that 18-to-20-years olds are among the people, and this Court in *Suarez* held the vehicle provision of § 6106(a) unconstitutional facially, there is a great public interest in halting the enforcement of those unconstitutional provisions. "[I]t is always in the public interest to prevent the violation of a party's constitutional rights," *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998), for "the enforcement of an unconstitutional law vindicates no public interest," *K.A. ex rel. Ayers*, 710 F.3d at 114; *see Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 143 (3d Cir. 2017) ("[I]f a plaintiff demonstrates both a likelihood of success on the merits and irreparable injury, it almost always will be the case that the public interest will favor the plaintiff."); *see also Wrenn v. District of Columbia*, 864 F.3d 650, 667 (D.C. Cir. 2017). On the other side of the scale, Defendant suffers no harm, as he and his PSP have no valid interest in enforcing Pennsylvania's unconstitutional laws.

## CONCLUSION

Plaintiffs request that this Court **DENY** the Defendant's third consecutive request to stay this matter, now based on a case he previously distinguished and

7

omitted from his prior stay requests and order that he file his response to Plaintiff's Motion for Summary Judgment and dispositive motion, if any, according to the deadlines imposed by this Court's Order of July 1, 2025.

In the alternative, if this Court elects to grant the Commissioner another stay, Plaintiffs request that this Court issue a Preliminary Injunction enjoining him from enforcing 18 Pa.C.S. §§ 6106, 6108, and 6109 against Second Amendment Foundation's qualifying members.

Date: July 21, 2026                    Respectfully Submitted,


_____/s/ Dillon Harris_____


Dillon Harris, Esq.
DHarris@Civilrightsdefensefirm.com
CIVIL RIGHTS DEFENSE FIRM, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 202-9297 ext 81142


Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of Plaintiffs' Response in Opposition to Defendant's Motion To Extend was filed electronically through the Middle District of Pennsylvania Electronic Filing System. Notice of these filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

_____/s/ Dillon Harris_____

Dillon Harris, Esq.