**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Taylor Brown, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Col. Christopher Paris, in his capacity as Commissioner of the Pennsylvania State Police,<br><br>Defendant. | No. 1:24-cv-1015<br><br>Judge Julia K. Munley<br><br>Electronically Filed Document |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

The Commissioner files this reply brief in further support of his Motion for Summary Judgment, ECF No. 65.[1]

[1] Plaintiffs suggest that the Commissioner has failed to properly respond to their Statement of Material Facts. Plaintiffs are wrong. *See* ECF No. 68 ("Defendant's Response to Plaintiffs' Statement of Undisputed Material Facts").

Plaintiffs also suggest the Commissioner has violated Local Rule 7.8(a) by incorporating his Statement of Undisputed Material Facts into his Opening Brief by reference. Again, Plaintiffs are wrong. *See* L.R. 7.8(a) ("No brief may incorporate by reference all or any portion of any other ***brief***." (emphasis added)).

Plaintiffs also suggest that the Commissioner violated Fed. R. Civ. P. 5.2(a) (and "should be sanctioned," ECF No. 71–2 at 3, 4, 5) by revealing the Named Plaintiffs' birthdates in his Statement of Facts. Once again, Plaintiffs are wrong. "A person ***waives*** the protection of Rule 5.2(a) as to the person's own information by ***filing it without redaction and not under seal***." Fed. R. Civ. P. 5.2(h) (emphasis added)). And Plaintiffs' own non-sealed, non-redacted filing revealed exact dates of birth for the Named Plaintiffs. *See* ECF No. 27–6 at 3, 5, 7

1. This Court lacks jurisdiction over Plaintiffs' claims.

*a. All Named Plaintiffs are now 21, and so their claims are moot.*

As explained in the Opening Brief, the Named Plaintiffs have turned 21, and so their claims are moot. Plaintiffs agree that "such may be argued in relation to their challenge to Section 6109(b)" (the provision that requires them to be 21 to obtain an LTCF) but argue that they may still challenge Sections 6106 and 6108 (the provisions that require an LTCF to carry a concealed firearm, to carry a firearm in a vehicle, and to carry a firearm in Philadelphia). ECF No. 71 at 16.

Plaintiffs are wrong. The gist of their Complaint is that ***the age requirement*** of Section 6109(b) was the only thing standing between them and an LTCF, and that ***the age requirement*** was unconstitutional. And they spilled an ocean of ink attempting to show that ***the age requirement***—and nothing else—was stopping them from obtaining an LTCF.[2] Now that they have turned 21, the Named Plaintiffs can presumably[3] obtain an LTCF.[4] The Named Plaintiffs' claims, then, are all moot.

---

[2] *See* ECF No. 1 ¶¶ 37, 51, 65, 83; *id.* at 47–48, 55–56, 63–64, 72–73.

[3] Unless, of course, another exclusion applies. *See* 18 Pa. C.S. § 6109(e)(1). But Plaintiffs have not challenged the constitutionality of any of those other exclusions in this lawsuit.

[4] To the extent the Named Plaintiffs are challenging the mere fact that they must obtain a license, such a challenge necessarily fails because Pennsylvania is a "shall-issue" state. *See Barris v. Stroud Twp.*, 310 A.3d 175, 184 n.6 (Pa. 2024).

*b. The additional SAF members should be rejected out of hand.*

In his Opening Brief, the Commissioner argued that SAF also lacks standing because all other identified SAF members have also turned 21. In their Opposition, Plaintiffs—for the first time in this lawsuit—identify five additional SAF members[5] on whose behalf SAF asserts standing to bring this lawsuit.[6] But these individuals should not be considered. After all, the Commissioner specifically asked SAF to identify "the members on whose behalf [it] br[ought] this action." ECF No. 66–6 at 2. But, besides the Named Plaintiffs, SAF's representative identified only two

[5] One of those members, B.R., is not yet 18. Plaintiffs do not argue that minors have Second Amendment rights, so B.R. cannot (yet) support SAF's standing.

[6] SAF attempts to fault the Commissioner for not previously identifying one of those members, Gaston, because he was identified in *Lara*. Of course, the Commissioner has no obligation to identify SAF's own members. That obligation rests with SAF.

Compare SAF's behavior in the *Lara* with its behavior here. In *Lara*, SAF ***proactively***—i.e., before it lost all members who were under 21—alerted the Court to Gaston "[t]o avoid any suggestion of mootness in this case." ECF No. 71–1 at 5. Here, SAF sat on its hands despite the Commissioner's repeated warnings about potential mootness. *See, e.g.*, ECF No. 45 at 6 n.3.

In any event, if SAF's own representative could not identify Gaston at the Rule 30(b)(6) deposition—despite being asked to identify "the members on whose behalf [SAF] br[ought] this action," ECF No. 66–6 at 2; despite the fact that the *Lara* opinion explicitly mentioned him, *see Lara v. Comm'r Pennsylvania State Police*, 125 F.4th 428, 445 n. 28 (3d Cir. 2025); and despite the fact that the Rule 30(b)(6) deposition occurred only a few months after the *Lara* decision was issued, ECF No. 66–4 at 1—then the Commissioner cannot be faulted for failing to assume that Gaston remained a SAF member who had standing to bring this action. After all, Gaston could have, *inter alia*, left SAF; moved out of Pennsylvania; or committed a crime that made him otherwise ineligible for an LTCF.

additional members. *See* ECF No. 66 ¶¶ 7–11. SAF's attempt now to blatantly contradict that testimony by naming five additional members should be rejected out of hand.[7]

*c. The additional SAF members do not have standing to challenge the Philadelphia-carry provision.*

Whether or not rejected out of hand, the additional members do not give SAF standing to challenge the Philadelphia-carry provision, because none of these newly identified individuals either live in, or have concrete plans to visit, Philadelphia. At

[7] *Cf. Daubert v. NRA Grp., LLC*, 861 F.3d 382 (3d Cir. 2017) (affirming District Court's decision to "disregard . . . sworn written statement [that] flatly contradicted . . . earlier 30(b)(6) testimony").

Note that SAF does not contend that any of the additional members joined SAF ***after*** the Rule 30(b)(6) deposition was taken, such that the representative could not, at that time, possibly identify them. To the contrary, SAF contends that each of the identified individuals is a "life" member of SAF. ECF No. 71–1 at 26, 36, 45, 54, 64. And while some of them were not 18 at the time of that deposition, the affidavit of 17-year-old B.R. shows that minors can join SAF.

SAF also presents no "correcting or clarifying affidavit" from its representative explaining that he was "confused at the earlier deposition or for some other reason misspoke." *Daubert*, 861 F.3d at 392. SAF simply suggests, in an unverified filing, that questioning into its membership was an unexpected trap. *See* ECF No. 71-2 at 5 (noting that the representative was testifying "off the top of his head"). But, again, SAF was explicitly asked to produce a representative who could identify "the members on whose behalf [it] br[ought] this action." ECF No. 66–6 at 2. SAF thus had a "duty to make a conscientious, good-faith effort to designate [a] knowledgeable person[] . . . and to prepare [him] to fully . . . answer questions about the designated subject matter." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 303 (3d Cir. 2000) (citation omitted).

most, they have stated a vague "desire" to visit various places in that city.[8] But that is plainly insufficient under Supreme Court precedent.[9] Plaintiffs' challenge to the Philadelphia-carry provision, then, should be completely dismissed for lack of standing—even if the additional SAF members are considered for other purposes.[10]

*d. The additional SAF members create a dispute of fact and require further discovery.*

If the purported additional SAF members are not rejected out of hand, their purported existence creates a dispute of fact regarding SAF's standing. That is, there is a dispute between SAF's official Rule 30(b)(6) testimony that there were ***only*** five individuals on whose behalf it has standing to bring this lawsuit, and its claim now that there are ***five additional*** individuals on whose behalf it has standing to bring this lawsuit. This dispute, at a minimum, renders summary judgment in Plaintiffs' favor inappropriate.[11] It also requires this Court to reopen discovery so that the

[8] *See* ECF No. 71–1 at 26, 29; *id.* at 71–1 at 36, 38; *id.*at 45, 47; *id.*at 54, 57; *see also* Declaration of B.R. (filed under seal) ¶¶ 2, 5.

[9] *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

[10] The capable-of-repetition exception cannot save this challenge. After all, if SAF cannot now—after two years of litigation—properly identify additional members who either live in, or have concrete plans to visit, Philadelphia, there is certainly no "more than a theoretical possibility," *Cnty. of Butler*, 8 F.4th at 231, that they will be able to identify such members in the future.

[11] *See Pipito v. Lower Bucks Cnty. Joint Mun. Auth.*, 822 F. App'x 161, 163 (3d Cir. 2020) ("In reviewing a decision regarding standing, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., ***with the manner and degree of evidence required at the successive***

Commissioner can test the additional SAF members' jurisdictional allegations. *See* ECF No. 67 at 11.[12]

*e. The capable-of-repetition-yet-evading-review exception does not apply.*

In his Opening Brief, the Commissioner argues that the capable-of-repetition-yet-evading-review exception to mootness is inapplicable. In their Opposition, Plaintiffs agree that, to take advantage of this exception, they must demonstrate "more than a theoretical possibility of the action occurring against [an SAF member] again." ECF No. 71 at 22. But instead of focusing on "a reasonable expectation or a demonstrated probability," *id.*, that SAF[13] will again have "an age-appropriate

***stages of litigation***. Here, the District Court ruled that [plaintiff] lacked standing at the summary judgment stage. Summary judgment is appropriate [only] if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is ***no genuine issue as to any material fact*** and that the moving party is entitled to judgment as a matter of law." (emphasis added)).

[12] Discovery is needed both to explore the additional SAF members' assertions that they wish to engage in activity not covered by any of the exceptions, but—more importantly—to ensure they are not otherwise excluded from obtaining an LTCF because, *inter alia*, their "character and reputation is such that [they] would be likely to act in a manner dangerous to public safety." 18 Pa. C.S. § 6109(e)(1); *cf. Pitsilides v. Barr*, 128 F.4th 203, 211 (3d Cir. 2025) ("[A]t least one principle underlying the Second Amendment—that a legislature may disarm those who pose a physical danger to others—calls for ***examination of each individual's specific characteristics*** . . . ." (emphasis added)).

[13] As explained in the Opening Brief, the Named Plaintiffs cannot take advantage of this exception because they will never be under 21 again. Plaintiffs argue that the matter is not moot as to the Named Plaintiffs (Plaintiffs are wrong;

member who wishes to engage in activity not covered by any of the exceptions, who is not otherwise excluded from obtaining a license, with concrete plans to visit Philadelphia," ECF No. 67 at 8, SAF instead focuses solely on its assertion that "the Commissioner continues to enforce" the challenged laws, ECF No. 71 at 22. But that assertion does not demonstrate that, as a matter of undisputed fact, *see supra*, SAF has a member with standing. *Cf. Lara*, 125 F.4th at 445 (capable-of-repetition exception applied because it was "reasonably likely that other . . . members of the organizational Appellants . . . will be banned from carrying guns in public yet again").

*f. Intervention should be denied.*

Finally, SAF asks this Court to permit the newly identified SAF members to formally intervene. But the agreed-upon deadline to join additional parties has long since passed. *See* ECF No. 38 at 8. And, based on the newly identified SAF members' birthdates, SAF's willingness to rely on under-18 members to establish standing, and those individuals' "life" membership status, there is no apparent reason why those individuals could not have been joined earlier.

---

*see supra*), but do not argue that the capable-of-repetition can save the Named Plaintiffs' otherwise-moot claims.

Further, as to SAF's claim that these individuals "are prepared to bring a new action," ECF No. 71 at 24, it should be noted that if this case were dismissed as moot (as it should be), then that dismissal would not impede that "new action."[14]

In any event, if this Court does permit these individuals to intervene—or if it is even merely considering such intervention—the Court must reopen discovery so that Defendants and the Court can ensure they actually have standing.[15]

2. Pennsylvania permits unlicensed open carry throughout much of the Commonwealth.

In his Opening Brief, the Commissioner noted that the concealed-carry provision is constitutional because Pennsylvania freely permits open carry. In their Opposition, Plaintiffs assert that "the open carry of firearms is limited to the extremely limited, enumerated locations in Section 6106(b)." ECF No. 71 at 3–4 n.4.[16] In support, they rely on *Commonwealth v. Hopkins*, 747 A.2d 910 (Pa. Super.

---

[14] *Cf. McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980) ("If the plaintiffs' case became moot, its dismissal before certification would not ordinarily result in any prejudice to the intervenor's interests. He could simply bring his own suit and the prior decision would be without effect.").

[15] *See* ECF No. 67 at 11–12; *cf. Wallach v. Eaton Corp.*, 837 F.3d 356, 378 (3d Cir. 2016) (noting that "additional discovery" on "standing" is appropriate when a party seeks to intervene after the close of discovery).

[16] Plaintiffs also argue that, "given the GFSZs, the ability to open carry a firearm is virtually extinguished." ECF No. 71 at 9. But Plaintiffs' Complaint does not raise a challenge to 18 U.S.C. § 922(q)(2)(A) (prohibiting the knowing possession of firearms in GFSZs). And even if it did, that challenge would have to be dismissed,

2000). But Plaintiffs misread that case and, in the process, ignore binding Pennsylvania Supreme Court precedent.

In *Hopkins*, a defendant was convicted of carrying a firearm on the streets of Philadelphia without a license, in violation of the Philadelphia-carry provision. *Id.* at 917. On appeal, the defendant argued, *inter alia*, that he "might have traveled . . . via backyards," and thus not on Philadelphia public streets. *Id.* at 918. The Pennsylvania Superior Court rejected this argument, noting that the defendant "approached the row house [in question] from the front, which faces [a public street], and entered the home via the front door," and holding "that this circumstantial evidence was sufficient to support the reasonable inference that [the defendant] traveled at least some distance on a public street." *Id.*

---

because there is no allegation (let alone evidence) that the Commissioner is responsible for enforcing that federal law.

Separately but relatedly, it was ***Congress***—and not the Commissioner, the PSP, the General Assembly, or any other Commonwealth entity—that barred the unlicensed carrying of firearms in GFSZs. In other words, it is ***federal law***—not state law—that prevents 18-to-20-year-olds from openly carrying firearms in GFSZs without a license. Thus 18-to-20-year-olds' purported inability to carry openly in GFSZs without a license is caused by "the independent action of some third party not before the court." *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 42 (1976); *cf. id.* at 41–42 ("[T]he 'case or controversy' limitation of Art. III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.").

Plaintiffs' focus on GFSZs, then, is nothing more than a distraction.

Plaintiffs point to this just-quoted language to argue that open carry is prohibited everywhere in the Commonwealth unless one of the Section 6106(b) exceptions apply. But *Hopkins* says absolutely nothing about Section 6106(b), so this argument is quite hard to follow.[17] Further, the Pennsylvania Supreme Court has held that open carry is ***permitted everywhere*** in the Commonwealth, except Philadelphia. *See Commonwealth v. Hawkins*, 692 A.2d 1068, 1071 n.4 (Pa. 1997) ("Except in Philadelphia, firearms may be carried openly without a license."). Thus a case about carrying (open or otherwise) in Philadelphia—which, further, only analyzes whether the defendant was "upon the public streets" ***of Philadelphia***, 18 Pa. C.S. § 6108—says nothing about open carrying everywhere else in the Commonwealth—including on public streets ***outside*** Philadelphia. And while *Hopkins* did not analyze whether the defendant was eligible for any of Section 6106(b)'s exceptions, *cf.* 18 Pa. C.S. § 6108 (noting that the Section 6106(b) exceptions apply in Philadelphia), there is no indication that the defendant—who went to the home ***to assault and rob the victim*** and not to, say, "engage[] in target shooting," 18 Pa. C.S. § 6106(b)(4)—ever argued that that any of the exceptions applied.

[17] And such an interpretation would render Section 6108 completely useless—i.e., if open carry were prohibited everywhere in the Commonwealth unless one of the Section 6106(b) exceptions applied, then there would be no reason for the General Assembly to specifically carve out Philadelphia in Section 6108.

* * *

Plaintiffs lack standing to bring all their claims. So this Court should grant the Commissioner's Motion for Summary Judgment; deny Plaintiffs' Motion for Summary Judgment; enter judgment in the Commissioner's favor; and close this case.

At a minimum, this Court should affirm the constitutionality of the concealed-carry provision (because Pennsylvania permits open carry); dismiss the challenge to the Philadelphia-carry provision (because even the additional SAF members lack standing to challenge that provision); and reopen jurisdictional discovery.[18]

[18] A few days ago, Plaintiffs notified the Court of the OLC's September 17, 2026 opinion ("OLC Opinion") that 18-to-20-year-olds are members of "the people" protected by the Second Amendment. *See* ECF No. 73. But "OLC's views are not binding [on federal courts], nor are they [even] entitled to deference." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 77 F.4th 679, 689 (D.C. Cir. 2023).

In any event, the Commissioner has acknowledged that this Court will consider itself bound by *Lara*'s holding that "18-to-20-year-olds are, like other subsets of the American public, presumptively among the 'the people' to whom Second Amendment rights extend." ECF No. 67 at 13 n.43. In other words, the Commissioner is not asking this Court to rule contrary to the view expressed in the OLC Opinion.

And as an aside, the OLC's opinion actually supports the Commissioner's argument that the constitutionality of the concealed-carry provision can and should be analyzed separately from the constitutionality of the age-provision. *See* OLC Opinion at 45 n.39 (noting that a concealed-carry law is "different in kind').

Respectfully submitted,

DAVID W. SUNDAY, JR.
Attorney General

By: */s/ Jacob Frasch*
Jacob Frasch
Senior Deputy Attorney General
Attorney ID PA No. 328362

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

Counsel for Defendant

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 580-7897
jfrasch@attorneygeneral.gov

Date: September 23, 2026

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 4.2, I certify that a true and correct copy of the foregoing and all attachments was served on all counsel of record via the ECF system on September 23, 2026.

*/s/ Jacob Frasch*
Jacob Frasch
Senior Deputy Attorney General